aIN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MARTINSBURG

**JESSICA B. BOWERS,**
**Plaintiff,**

    v.                                          **CIVIL ACTION NO.: 3:23-CV-119**

**STATE OF WEST VIRIGNIA,**
**WEST VIRGINIA DEPARTMENT OF**
**HOMELAND SECRUTIY,**
**WEST VIRGINIA DIVISION OF**
**CORRECTIONS AND REHABILITATION,**
**JOHN/JANE DOES, unknown employees or agents**
**of the above entities, PRIMECARE MEDICAL OF**
**WEST VIRGINIA, INC., PRIMECARE MEDICAL, INC.,**
**Defendants.**

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

      COMES NOW, Plaintiff, by the undersigned counsel, and in further support of her Motion for Leave to File Amended Complaint, respectfully state as follows:

**LEGAL STANDARD**

      Fed. R. Civ. P. 15(a)(2) states that: In all other cases [where Rule 15(a)(1) does not apply], a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires. Fed. R. Civ. P. 15(a)(2); see also *Duffield v. Memorial Hospital Assoc.*, 361 F. Supp. 398, 400 (S.D. W.Va. 1973) ("[t]he Court is mindful of provisions of Rule 15 manifesting liberality in allowing amendments to pleadings when justice so requires"). According to the Supreme Court of the United States, Rule 15 (a)(2) "reflects the 'principal that the purpose of pleadings is to facilitate a proper decision on the merits.'" See *Johnson v. Precythe*, 141 S. Ct. 1622, 1626, 210 L. Ed. 2d 849, 852-853 (2021) (quoting *Foman*

*v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227 (1962)). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Id.* (citation omitted). "For that reason, denying leave to amend a potentially viable claim requires a 'justifying reason,' such as 'undue delay, bad faith, or dilatory motive on the part of the movant.'" *Id.* (citation omitted). "Absent such a justification, denying leave to amend 'is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.'" *Id.* (citation omitted). The Proposed Amended Complaint is attached hereto as Exhibit A.

## ARGUMENT

The parties have been proceeding with limited discovery in this matter. In conducting such discovery and through depositions, Plaintiff has learned the identities of formerly named John/Jane Doe employees of the West Virginia Department of Corrections and Rehabilitation and the John/Jane Doe employees of PrimeCare. Plaintiff seeks to name these individuals and correct the previously asserted "John/Jane Doe" allegations in Plaintiff's Complaint. Defendants will suffer no prejudice as these allegations are substantially similar to the allegations previously referenced, only these will further identify and clarify who John/Jane Doe is believed to be after conducting limited discovery.

Plaintiff also seeks to clarify allegations against PrimeCare Defendants having learned of the true relationship between PrimeCare Medical Inc. and PrimeCare Medical of West Virginia, Inc. PrimeCare Medical of West Virginia, Inc. was responsible for providing medical care to inmates in Eastern Regional Jail (hereinafter "ERJ") including Jessica Bowers. Additionally, PrimeCare Medical of West Virginia, Inc. was an alter ego of PrimeCare Medical, Inc.

Plaintiff's belief that PrimeCare Medical of West Virginia Inc. is an alter ego of PrimeCare Medical Inc. is based upon evidence that PrimeCare Medical Inc. comingled funds and other assets with PrimeCare Medical of West Virginia, Inc. including, for example, by purchasing insurance policies and paying insurance premiums on behalf of PrimeCare Medical of West Virginia, Inc.; PrimeCare Medical Inc. is the sole owner of PrimeCare Medical of West Virginia, Inc.; PrimeCare Medical of West Virginia, Inc. failed to maintain minutes, records, and other corporate formalities; PrimeCare Medical Inc. and PrimeCare Medical of West Virginia, Inc. are owned and managed by the same parties; PrimeCare Medical Inc. failed to adequately capitalize PrimeCare Medical of West Virginia, Inc. for the reasonable risks of its undertakings; PrimeCare Medical Inc. used PrimeCare Medical of West Virginia, Inc. as a mere shell or conduit to operate some particular aspect of its business; PrimeCare Medical of West Virginia, Inc. used the same offices, letterhead, policies and protocols, employees, attorneys, human resources department, and other resources as PrimeCare Medical Inc.; PrimeCare Medical Inc. actively managed the day-to-day operations of PrimeCare Medical of West Virginia, Inc. including, for example, by created routine employee schedules for employees of PrimeCare Medical of West Virginia, Inc.; PrimeCare Medical of West Virginia, Inc. does not maintain its own website or other marketing operations and is otherwise represented to be the same enterprise as PrimeCare Medical, Inc.; PrimeCare Medical Inc. and PrimeCare Medical of West Virginia, Inc. concealed the identity of PrimeCare Medical of West Virginia, Inc.'s ownership, management, and financial interests; PrimeCare Medical Inc. disregarded legal formalities and failed to maintain a proper arm's length relationship with PrimeCare Medical of West Virginia, Inc.; PrimeCare Medical Inc. manipulated assists and liabilities to concentrate assets in itself and liabilities in PrimeCare Medical of West Virginia, Inc.; and PrimeCare Medical Inc. used PrimeCare Medical of West Virginia, Inc. to enter into a contract

with the State of West Virginia in which agreed, among other things, to provide medical and health services to inmates in ERJ that complied with state law, federal law, and met the National Commission on Correctional Health Care's standards knowing that PrimeCare Medical of West Virginia, Inc. could not meet those standards; and PrimeCare Medical Inc., therefore, used PrimeCare Medical of West Virginia, Inc. to contract with the State of West Virginia to avoid the risk of nonperformance of that contract. Plaintiff seeks to further clarify her allegations in light of this newly discovered evidence. Again, Defendants will suffer no prejudice as these allegations only help Plaintiff further clarify their position.

Further, Plaintiff seeks to add a spoliation of evidence count in light of Defendants' failure to preserve and destruction of critical evidence in other matters concerning these Defendants, notably in the *Rose, et al. v. Jividen, et al*, case; Civil Action No. 5:22-cv-405.

In this case, Plaintiff sent an evidence preservation letter on April 12, 2022, prior to the initial filing of this Complaint on September 16, 2022. In light of discovery in this case and Defendant WVDCR's actions in the *Rose* case, it is clear that crucial evidence for this case not preserved, such as email accounts of former employees.

On October 2, 2023, in the *Rose* matter, WVDCR Defendants took part in an evidentiary hearing regarding the destruction of evidence, namely, the purging of email accounts subsequent to receiving the plaintiffs' evidence preservation letters in June and July, 2022. See Relevant Portions of the Transcript as <u>Exhibit B</u>.

WVDCR Chief of Staff Brad Douglas and WVDCR Commissioner Betsy Jividen, as well as counsel for WVDHS Philip Sword, each testified that they neither individually nor collectively did anything to preserve email accounts and made no effort to ensure that the accounts were being preserved in anticipation of litigation. In light of these individuals taking no action, the West

Virginia Office of Technology was never contacted to preserve email accounts. Now, there is no way to recover critical evidence. See, Ex. B. [Douglas, 12: 7-16; Jividen 110: 3-23].

Chief Information Security Officer of the West Virginia Office of Technology, Danielle Cox, testified that email accounts could have been preserved had the WVDOCR/WVDHS sent in a request, and could have been accomplished in a manner as simple as clicking a button. However, the WVDOCR/WVDHS made no effort to communicate with the Office of Technology and never tendered the information for accounts to be preserved. See Ex. B. [Cox 149-150: 20-25, 14; 151: 2-11]. The email accounts of former WVDCR employees no longer exist.

In addition to the purging of email accounts, Plaintiffs in the *Rose* case believed that WVDCR also destroyed video evidence, privileged attorney-client mailings, moved or hid files for the purpose of concealment, and burned or shred files, and failed to preserve audio and video recordings subsequent to anticipated litigation, those of which cannot be recovered, and failed to preserve certain Defendants and former SRJ employees' state-issued cell phones subsequent to anticipated litigation.

Plaintiff faces the same issues in this case with respect to evidence at Eastern Regional Jail that was not preserved. Plaintiff seeks to add a count in her Complaint for Defendant's spoliation of evidence subsequent to receiving Plaintiff's preservation letter and even subsequent to the initial filing of the Complaint in this action. The conduct of Defendants' agents and representatives of WVDOCR and WVDHS, evidences a knowing and intentional breach of their duty to preserve relevant evidence, resulting in severe prejudice to the Plaintiff. The prejudice to the Plaintiff in this case is she is prevented from knowing who approached her holding cell. Defendants have a motive to see this evidence destroyed to protect the identities of correctional officers or medical personnel who may have passed contraband fentanyl to Plaintiff.

Therefore, none of the "justifications" for denying leave to amend described by the U.S. Supreme Court in *Johnson v. Precythe* are present here. See *Johnson*, 141 S. Ct. at 1626. On the contrary, Plaintiff has outlined valid, credible reasons for seeking to amend, and there is no legitimate argument to be made that Plaintiff is looking to amend to delay proceedings, out of bad-faith, or based on some other dilatory motive. See *id.* Therefore, for good cause shown, Plaintiff should be granted leave to amend the Complaint.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court grant this Motion and grant leave to file an Amended Complaint.

Respectfully submitted,
**Jessica B. Bowers,** Plaintiff,
By counsel,

*/s/ Stephen P. New*
Stephen P. New (WVSB #7756)
Stephen New & Associates
430 Harper Park Drive
Beckley, WV 25801
P: 304-250-6017
F: 304-250-6012

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

# MARTINSBURG

**JESSICA B. BOWERS,**
**Plaintiff,**

     **v.**                                  **CIVIL ACTION NO.: 3:23-CV-119**

**STATE OF WEST VIRIGNIA,**
**WEST VIRGINIA DEPARTMENT OF**
**HOMELAND SECRUTIY,**
**WEST VIRGINIA DIVISION OF**
**CORRECTIONS AND REHABILITATION,**
**JOHN/JANE DOES, unknown employees or agents**
**of the above entities, PRIMECARE MEDICAL OF**
**WEST VIRGINIA, INC., PRIMECARE MEDICAL, INC.,**
**Defendants.**

## CERTIFICATE OF SERVICE

     The undersigned counsel for the Plaintiff hereby certifies that a true and correct copy of the foregoing Memorandum in Support of Plaintiff's Motion for Leave to File Amended Complaint was filed with the clerk on March 5, 2024 via electronic filing system to all counsel of record.

                                                          */s/ Stephen P. New*
                                                          Stephen P. New (WVSB #7756)