**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**AT MARTINSBURG**

**JESSICA B. BOWERS,**

     **Plaintiff,**


**v.**                                          **Civil Action No. 3:23-CV-119**
                                                **Honorable Frank W. Volk**

**JEFF S. SANDY, INDIVIDUALLY AND IN HIS**
**OFFICIAL CAPACITY AS THE FORMER CABINET**
**SECRETARY OF THE WEST VIRGINIA DEPARTMENT OF**
**HOMELAND SECURITY,**
**BETSY JIVIDEN, INDIVIDUALLY AND AS AN**
**EMPLOYEE OF THE WEST VIRGINIA DIVISION OF**
**CORRECTIONS AND REHABILITATION,**
**DIDYMUS TATE, INDIVIDUALLY, AS AN**
**EMPLOYEE OF THE WEST VIRGINIA DIVISION OF**
**CORRECTIONS AND REHABILITATION,**
**JOHH/JANE DOE, UNKNOWN EMPLOYEES**
**OR AGENTS OF THE ABOVE ENTITY,**
**IN THEIR INDIVIDUAL**
**CAPACITIES, AND AS EMPLOYEES**
**OR AGENTS OF THE ABOVE ENTITIES,**
**ASHLEY FISHER, individually and as an employee**
**Of PrimeCare,**
**LISA BEARD, individually and as an employee**
**of PrimeCare,**
**KELSEY SHANK, individually and as an employee**
**of Primecare,**
**CHRISTIN BELL, individually and as an employee**
**of PrimeCare,**
**BRENDA ENGLE, individually and as an employee**
**of PrimeCare,**
**CHRISTINA WAY, individually and as an employee**
**of PrimeCare,**
**CHELSEA MCCRORK, individually and as an employee**
**of PrimeCare,**
**MORTICIA MARSHALL, individually and as an employee**
**of PrimeCare,**
**BRANDY SCOTT, individually and as an employee**
**of PrimeCare,**

1

**JEANNETTE SWEITZER, individually and as an employee**
**of PrimeCare,**
**ALFRED BALDERA, individually and as an employee**
**of Primecare,**
**PRIMCARE MEDICAL, INC., AND**
**PRIMCARE MEDICAL OF WEST VIRGINIA, INC.,**

      **Defendants.**

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS**
**JEFF S. SANDY'S, BETSY JIVIDEN'S AND DIDYMUS TATE'S**
**MOTION FOR A MORE DEFINITE STATEMENT**

      **COME NOW** Defendants, Jeff S. Sandy, Betsy Jividen and Didymus Tate ("Defendants")

by and through counsel William E. Murray, James W. Marshall, III, Celeste E. Webb, and the law

firm of Bailey & Wyant PLLC, pursuant to Rule 12(e) of the *Federal Rules of Civil Procedure*, and

hereby moves this Court for entry of an Order requiring Plaintiff to file a more definite statement of

her claims against Defendants.  In support of this motion, Defendants aver the following:

**SUMMARY OF FACTS**

      Plaintiff Jessica Bowers ("Plaintiff") filed this civil action alleging Defendants are liable

because Plaintiff allegedly overdosed on or about March 29, 2022 on Fentanyl while she was

incarcerated at Eastern Regional Jail and Corrections Facility ("ERJ") located in Martinsburg, West

Virginia. *See* ECF Doc. No. 11, ¶ 9. Specifically, Plaintiff alleges she overdosed on Fentanyl which

was not prescribed to her and was allegedly brought into ERJ due to criminal actions or as a result of

Defendants' actions or inactions. *Id*., ¶¶ 11–12. Plaintiff further alleges she was booked into ERJ on

March 10, 2022, and was transferred from general population to a holding cell because other inmates

reported her for using drugs in her cell. *Id*., ¶¶ 14–15.

**STANDARD OF REVIEW**

Pursuant to Rule 12(e) of the *Federal Rules of Civil Procedure*, "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."  Further, a complaint's allegations cannot be "so vague that it leaves the Defendants guessing about how the Plaintiff believes they were negligent, nor is it so unintelligible or incomplete that they are unable write an answer." *Barker v. Meador*, No. 3:20-0233, 2021 U.S. Dist. LEXIS 41391, at *8 (S.D.W. Va. Mar. 5, 2021)(quoting *Doe v. Bayer Corp.*, 367 F. Supp. 2d 904, 917 (M.D.N.C. 2005)).

A Rule 12(e) motion requests the pleading of sufficient facts to allow a defendant to form a response.  *White v. Homer Laughlin China Co.*, 2019 U.S. Dist. LEXIS 101527, 2019 WL 2518138 at *2 (N.D.W. Va. June 18, 2019) (Stamp, J.) (citing *5B Wright & Miller Federal Practice and Procedure* § 1356));see also *W. Va. Reg'l Jail & Corr. Facility Auth. v. Estate of Grove*, 244 W. Va. 273, 280, 852 S.E.2d 773, 780 (2020)  (finding that a plaintiff's complaint must, "at a minimum[,] . . . set forth sufficient information to outline the elements of his [or her] claim," and, "in civil actions where immunities are implicated, the trial court must insist on heightened pleading by the plaintiff.").

The Northern District has held that a party "is entitled to a more definite statement of any matter which is not averred with sufficient particularity to enable her to properly prepare her responsive pleadings or to prepare for trial." *Abruzzino v. National Fire Ins. Co. of Hartford, Conn.*, 26 F.Supp. 934 (N.D.W. Va. 1939). Further, a complaint must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *BellAtlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*.

3

In the instant matter, Plaintiff's complaint prohibits Defendants from forming a response. Additionally, Plaintiff has not asserted any factual allegations against Defendants that meet the *Twombly/Iqbal* standard, which is required in actions against government officials, or that would give rise to relief above a speculative level, to establish a constitutional violation, let alone any injury or harm. *Stevens v. Jividen*, 2021 U.S. Dist. LEXIS 39480, at *61.

## ARGUMENT

The Defendants seek a more definite statement identifying who, what, when, where, why, and how. It is essential for Plaintiff to identify: (1) what acts or omissions were allegedly committed by the Defendants; (2) which Defendants specifically committed what alleged violation; (3) the date(s) upon which alleged violation was to have occurred; (4) where Defendants were located at the time of and in relation to the alleged violations; and (5) the Defendants knowledge of each alleged violation.

A complaint must provide the plaintiff's "grounds of . . . entitlement to relief" in more factual detail than mere "labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007) (internal quotation marks omitted). "[A] formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937 (2009).

Plaintiff has leveled several generic claims against Defendants. However, Plaintiff has failed to provide one scintilla of factual support to illustrate the Defendants' involvement, and proximity to Plaintiff's incarceration, constituted a violation. Plaintiff has alleged the following claims against the Defendants: (1) Negligence and Violations of Constitutional Rights; (2) Fourteenth Amendment Violations Under 42 U.S.C. § 1983 (Conditions of Confinement); and (3) Fourteenth Amendment

4

Violations Under 42 U.S.C. § 1983 (Deliberate Indifference To Serious Medical Needs).[1] *See generally* ECF Doc. No. 107.

The allegations against Defendants Sandy, Jividen and Tate, as contained in Plaintiff's Amended Complaint, are so vague as to render the complaint deficient.  Plaintiff alleges the Defendants were negligent and violated Plaintiff's constitutional rights, and other claims against Defendants arising out of an alleged drug overdose, while she was incarcerated at ERJ.  Plaintiff's Amended Complaint alleges that the Defendants acted with deliberate indifference.  *Id.*  However, Plaintiff's contains no support for these "conclusions" and "formulaic recitations."

### 1.    Negligence and Violations of Constitutional Rights

The sum of Plaintiff's allegations is comprised of one (1) paragraph that avers

> [t]he actions and/or inactions of the Defendants as described herein above constitute negligence and/or violations of Jessica Bowers's Constitutional rights and subjects them to liability to Jessica Bowers under West Virginia and Federal Law, as stated herein above . . . Defendants, Jividen, Sandy, Tate and John/Jane Does, violated Jessica Bowers' constitutional rights through their unlawful and deliberately indifferent conduct as set forth herein above.[2]

*Id.*, ¶ 147.  This paragraph merely contains legal conclusions with no factual support upon which to support these claims.  Specifically, the Plaintiff    Plaintiff must provide clear and definite factual allegations of actions by each Defendant supporting the legal conclusions upon which  Defendants can form a defense.

### 2.    Fourteenth Amendment Violations Under 42 U.S.C. § 1983 (Conditions of Confinement)

In support of the contention that Plaintiff's conditions of confinement resulted in a constitutional violation, Plaintiff generically provides that

---

1 To the extent that the Amended Complaint contains further allegations applicable to the Defendants, it is not entirely clear upon review.
2 To the degree that any specific conduct is more specifically detailed within the Amended Complaint, it cannot be

Defendants imposed and/or permitted these conditions despite said conditions not being reasonably related to any legitimate non-punitive governmental or penological objective.

Defendants were deliberately indifferent to the health, safety, and other basic needs of the Plaintiff, as described hereinabove, by having actual knowledge of such conditions and deliberately taking no action to remedy them in a timely or appropriate manner.

Defendant supervisors likewise exhibited supervisory indifference or tacit authorization of the misconduct of subordinates and the constitutional injuries committed by said subordinates.

Defendant supervisors had actual or constructive knowledge that their subordinates were engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury and the Defendant supervisors' response to said knowledge was so inadequate as to show deliberate indifference or tacit authorization of these constitutional injuries.

*Id.*, ¶¶ 156-159.  Again, these are mere legal conclusions without factual support.  In other words, the Plaintiff does not identify which specific Defendant(s) committed a specific act that resulted in the above referenced legal conclusion.   Nor does it identify which Defendant had any specific knowledge to support these allegations.  Thus, Defendants are unable to proffer a sufficient defense as it is unclear what is being alleged and against who.  These allegations are speculative in nature and fall short of the Iqbal/Twombly pleading standard.

### 3.    Fourteenth Amendment Violations Under 42 U.S.C. § 1983 (Deliberate Indifference To Serious Medical Needs)

Similarly, as it relates to Plaintiff's claim of deliberate indifference, Plaintiff broadly declares

[t]he conduct of Defendants, Jividen, Sandy, Tate . . . in permitting persons to bring Fentanyl into the ERJ and failing to protect Plaintiff, is a violation of standards applicable to correctional facilities and was a proximate cause and/or contributing factor to the injuries suffered by Jessica Bowers, because Jessica Bowers, was a drug addict who did not receive help to withdraw from her drug dependency in a manner that complied with the basic standards applicable to all defendants.

---

decoded by these Defendants.

. . .

This conduct by Defendants, Jividen, Sandy, Tate . . . showed deliberate indifference to the medical needs of Jessica Bowers and the unlawfulness of this conduct by Defendants was sufficiently clear so that every reasonable public official in their position would understand that what they were doing was unlawful.

. . .

As described hereinabove, Defendants routinely failed to promptly provide necessary and reasonable medical treatment to the Plaintiff.

. . .

*Id.*, ¶¶ 170-174.  The claim goes on for some length but fails to add any factual assertions that would permit the Defendants to fully form a defense.  *Id.*, ¶¶ 175-188.

## CONCLUSION

Plaintiff's Amended Complaint fails to meet the heightened pleading standard, which is implicated in this case, and a more definite statement is essential.  The allegations are so vague and ambiguous that these Defendants cannot reasonably frame a responsive pleading thereto.

**Jeff S. Sandy, Betsy Jividen and Didymus Tate,**

**By Counsel,**

  **/s/ James W. Marshall, III**
**James W. Marshall, III (WV Bar #10677)**
**Bailey & Wyant PLLC**
**115 West King Street**
**Martinsburg, West Virginia 25401**
**T: (304) 901-2000**
**jmarshall@baileywyant.com**

**and**

**William E. Murray, Esq. (WVSB #2693)**
**Celeste E. Webb, Esq. (WVSB #10624)**
**Bailey & Wyant PLLC**

**500 Virginia Street, East, Suite 600**
**Post Office Box 3710**
**Charleston, West Virginia 25337-3710**
**T: (304) 345-4222**
**F: (304) 343-3133**
**wmurray@baileywyant.com**
**cwebb@baileywyant.com**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT MARTINSBURG

JESSICA B. BOWERS,

      Plaintiff,

v.                                                    Civil Action No. 3:23-CV-119
                                                      Honorable Frank W. Volk

JEFF S. SANDY, INDIVIDUALLY AND IN HIS
OFFICIAL CAPACITY AS THE FORMER CABINET
SECRETARY OF THE WEST VIRGINIA DEPARTMENT OF
HOMELAND SECURITY,
BETSY JIVIDEN, INDIVIDUALLY AND AS AN
EMPLOYEE OF THE WEST VIRGINIA DIVISION OF
CORRECTIONS AND REHABILITATION,
DIDYMUS TATE, INDIVIDUALLY, AS AN
EMPLOYEE OF THE WEST VIRGINIA DIVISION OF
CORRECTIONS AND REHABILITATION,
JOHH/JANE DOE, UNKNOWN EMPLOYEES
OR AGENTS OF THE ABOVE ENTITY,
IN THEIR INDIVIDUAL
CAPACITIES, AND AS EMPLOYEES
OR AGENTS OF THE ABOVE ENTITIES,
ASHLEY FISHER, individually and as an employee
Of PrimeCare,
LISA BEARD, individually and as an employee
of PrimeCare,
KELSEY SHANK, individually and as an employee
of Primecare,
CHRISTIN BELL, individually and as an employee
of PrimeCare,
BRENDA ENGLE, individually and as an employee
of PrimeCare,
CHRISTINA WAY, individually and as an employee
of PrimeCare,
CHELSEA MCCRORK, individually and as an employee
of PrimeCare,
MORTICIA MARSHALL, individually and as an employee
of PrimeCare,
BRANDY SCOTT, individually and as an employee

of PrimeCare,
**JEANNETTE SWEITZER, individually and as an employee**
**of PrimeCare,**
**ALFRED BALDERA, individually and as an employee**
of Primecare,
**PRIMCARE MEDICAL, INC., AND**
**PRIMCARE MEDICAL OF WEST VIRGINIA, INC.,**

      Defendants.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of foregoing **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS JEFF S. SANDY'S, BETSY JIVIDEN'S AND DIDYMUS TATE'S MOTION FOR A MORE DEFINITE STATEMENT** was served upon the following parties through the Court's Electronic Case Filing (ECF) system on this day, Monday, September 16, 2024.

Anne Liles O'Hare
D. C. Offutt, Jr.
Mark R. Simonton
Alex S. Blevins
Offutt Simmons Simonton, PLLC
949 Third Avenue, Ste. 300
P. O. Box 2868
Huntington, WV  25728
Email Address: alohare@offuttlegal.com
Email Address: dcoffutt@offuttlegal.com
Email Address: mrsimonton@offuttlegal.com
*Attorney For: Alfred Baldera, Primecare Medical of West Virginia, Inc. and Primecare Medical, Inc., et al.*

Christopher J. Heavens
Heavens Law Offices
PO Box 3711
2438 Kanawha Boulevard East
Charleston, WV  25337
Email Address: chris@heavenslawfirm.com
*Attorney For: Jessica B. Bowers*

Stephen Paul New
Stephen New & Associates
430 Harper Park Drive
PO Box 5516

Beckley, WV  25801
Email Address: steve@newlawoffice.com
*Attorney For: Jessica B. Bowers*

**/s/ James W. Marshall, III**
**James W. Marshall, III (WV Bar #10677)**
**Bailey & Wyant PLLC**
**115 West King Street**
**Martinsburg, West Virginia 25401**
**T: (304) 901-2000**
**jmarshall@baileywyant.com**

*and*

**William E. Murray, Esq. (WVSB #2693)**
**Celeste E. Webb, Esq. (WVSB #10624)**
**Bailey & Wyant PLLC**
**500 Virginia Street, East, Suite 600**
**Post Office Box 3710**
**Charleston, West Virginia 25337-3710**
**T: (304) 345-4222**
**F: (304) 343-3133**
**wmurray@baileywyant.com**
**cwebb@baileywyant.com**