UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

AT MARTINSBURG

JESSICA B. BOWERS,

    Plaintiff,

v.                                                                              CIVIL ACTION NO. 3:23-cv-00119

JEFF S. SANDY,
*individually and in his official capacity as
the former Cabinet Secretary of the West Virginia
Department of Homeland Security,* and
BETSY JIVIDEN,
*individually and as a former employee of the West Virginia
Division of Corrections and Rehabilitation*, and
DIDYMUS TATE,
*individually and as an employee of the West Virginia
Division of Corrections and Rehabilitation,* and
JOHN/JANE DOE UNKNOWN EMPLOYEES OR
AGENTS OF THE WEST VIRGINIA DIVISION
OF CORRECTIONS AND REHABILITATION,
*individually and as employees or agents of the West
Virginia Division of Corrections and Rehabilitation,* and
ASHLEY FISHER,
*individually and as an employee of PrimeCare,* and
LISA BEARD,
*individually and as an employee of PrimeCare,* and
KELSEY SHANK,
*individually and as an employee of PrimeCare,* and
CHRISTIN BELL,
*individually and as an employee of PrimeCare,* and
BRENDA EAGLE,
*individually and as an employee of PrimeCare,* and
CHRISTINA WAY,
*individually and as an employee of PrimeCare,* and
CHELSEA MCCRORK,
*individually and as an employee of PrimeCare,* and
MORTICIA MARSHALL,
*individually and as an employee of PrimeCare,* and
BRANDY SCOTT,
*individually and as an employee of PrimeCare,* and

ALFRED BALDERA,
*individually and as an employee of PrimeCare,* and
PRIMECARE MEDICAL, INC., and
PRIMECARE MEDICAL OF WEST VIRGINIA, INC.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is a Motion for More Definite Statement [ECF 135], filed September 16, 2024, by Defendants Jeff S. Sandy, Betsy Jividen, and Didymus Tate (the "Moving Defendants"). Plaintiff responded on September 30, 2024, [ECF 137], and the Moving Defendants replied on October 7, 2024, [ECF 138]. The matter is ready for adjudication.

### I.

*Federal Rule of Civil Procedure* 8(a)(2) requires that a pleader provide "a short and plain statement of the claim showing . . . entitle[ment] to relief." Fed. R. Civ. P. 8(a)(2); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). The required "short and plain statement" must provide "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *overruled on other grounds*, *Twombly*, 550 U.S. at 562-63); *McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015). In sum, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly* 550 U.S. at 570.

Rule 12(e) permits a party to seek a more definite statement when a pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Rule 12(e), however, must be read in tandem with the requirements of Rule 8(a) as outlined above. *Student A v. Liberty University, Inc.*, 602 F. Supp. 3d 901, 918 (W.D. Va. 2022) (citing *Hodgson v. Va. Bapt. Hosp., Inc.*, 482 F.2d 821, 822 (4th Cir. 1973)). "[C]ourts have held that a motion under Rule 12(e) is designed to strike at unintelligibility rather than simple want of detail[.]"

*Sherrer v. Fairhaven OPCO, LLC*, 2022 WL 3570347, at *2 (S.D. W. Va. Aug. 18, 2022) (internal quotations omitted) (collecting cases). At bottom, such motions "will be granted only when the complaint is so vague and ambiguous that the defendant cannot frame a responsive pleading." *Id*.

## II.

The Moving Defendants contend Plaintiff's complaint is so factually insufficient as to prohibit them from formulating a response. [ECF 136 at 4]. They assert Plaintiff's claims "are so vague as to render the complaint deficient." [*Id.* at 5]. The Moving Defendants plainly challenge the amount of factual detail provided, not the intelligibility of the Amended Complaint. The claims alleged against the Moving Defendants are easily ascertainable for the purposes of preparing a responsive pleading. The factual sufficiency of the operative pleading is challenged under Rule 12(b)(6) not Rule 12(e).

## IV.

Accordingly, the Court **DENIES** the Motion for a More Definite Statement [**ECF 135**]. The Court **ORDERS** the Moving Defendants to respond to Plaintiff's Amended Complaint [ECF 107] on or before January 6, 2025.

The Clerk is **DIRECTED** to send a copy of this written opinion and order to all counsel of record and any unrepresented parties.

ENTER:   December 23, 2024

Frank W. Volk
Chief United States District Judge

3