UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

AT MARTINSBURG

JESSICA B. BOWERS,

        Plaintiff,

v.                                          CIVIL ACTION NO.  3:23-cv-00119

JEFF S. SANDY,
*individually and in his official capacity as
the former Cabinet Secretary of the West Virginia
Department of Homeland Security,* and
BETSY JIVIDEN,
*individually and as a former employee of the West Virginia
Division of Corrections and Rehabilitation*, and
DIDYMUS TATE,
*individually and as an employee of the West Virginia
Division of Corrections and Rehabilitation,* and
JOHN/JANE DOE UNKNOWN EMPLOYEES OR
AGENTS OF THE WEST VIRGINIA DIVISION
OF CORRECTIONS AND REHABILITATION,
*individually and as employees or agents of the West
Virginia Division of Corrections and Rehabilitation,* and
ASHLEY FISHER,
*individually and as an employee of PrimeCare,* and
LISA BEARD,
*individually and as an employee of PrimeCare,* and
KELSEY SHANK,
*individually and as an employee of PrimeCare,* and
CHRISTIN BELL,
*individually and as an employee of PrimeCare,* and
BRENDA EAGLE,
*individually and as an employee of PrimeCare,* and
CHRISTINA WAY,
*individually and as an employee of PrimeCare,* and
CHELSEA MCCRORK,
*individually and as an employee of PrimeCare,* and
MORTICIA MARSHALL,
*individually and as an employee of PrimeCare,* and
BRANDY SCOTT,
*individually and as an employee of PrimeCare,* and

ALFRED BALDERA,
*individually and as an employee of PrimeCare,* and
PRIMECARE MEDICAL, INC., and
PRIMECARE MEDICAL OF WEST VIRGINIA, INC.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

### I.

On September 16, 2022, Plaintiff Jessica B. Bowers instituted this action in the Circuit Court of Berkeley County against the West Virginia Department of Military Affairs and Public Safety. [ECF 1-2 at 2]. The West Virginia Department of Homeland Security ("WVDHS") filed an Answer in October 2022, after which the West Virginia Division of Corrections and Rehabilitation ("WVDCR") and Wexford Health Sources, Inc. ("Wexford") were added as Defendants. [*Id.* at 2–3]. On April 19, 2023, Ms. Bowers filed her First Amended Complaint, adding PrimeCare Medical, Inc. ("PrimeCare") and PrimeCare Medical of West Virginia, Inc. ("PrimeCare WV") as Defendants. [*Id.* at 3]. WVDHS and WVDCR removed on May 4, 2023. [ECF 1].

On March 5, 2024, Ms. Bowers moved for leave to amend her complaint [ECF 90] to (1) substitute the identities of certain John/Jane Doe defendants,[1] (2) add a spoliation of evidence count for failure to preserve evidence, and (3) present an alter ego theory for PrimeCare and PrimeCare WV [*Id.* at 1]. The Court granted in part and denied in part the motion on May 16, 2024, allowing Ms. Bowers' requested amendments except as to the addition of a spoliation of

---

[1] The named PrimeCare employees, PrimeCare, and PrimeCare WV are hereinafter collectively referred to as the "PrimeCare Defendants."

2

evidence claim. [ECF 102].

On June 26, 2024, Ms. Bowers filed the operative Amended Complaint [ECF 107]. On July 10, 2024, PrimeCare WV moved to dismiss [ECF 108] a declaratory judgment claim that was not part of Ms. Bowers' Proposed Amended Complaint [ECF 90-1]. On December 17, 2024, the Court ordered Ms. Bowers to show good cause in writing "(1) why she added a declaratory judgment claim without leave of Court, and (2) why a monetary sanction order should not issue as to [her] counsel, jointly and severally, in the minimum amount of $5,000." [ECF 149 at 2].

On December 27, 2024, Plaintiff's counsel filed their response to the Court's Order. [ECF 152]. The justifications propounded therein for not imposing sanctions against Plaintiff's counsel include the following:

> **No Intent to Undermine the Judicial Process** – Plaintiff's counsel assert they did not attempt to subvert the Court's authority but rather to clarify existing claims related to PrimeCare's insurance coverage. The intent was to ensure Plaintiff could receive fair compensation for her injuries. [*Id.* at 8–9].
>
>> **Analysis:** This justification does not explain why counsel could not have simply submitted a revised motion to amend and modified proposed amended pleading.
>
> **Overzealous Advocacy Is Not Grounds for Sanctions** – Plaintiff's counsel emphasizes that while overzealous advocacy may be discouraged, it does not automatically warrant sanctions. Courts have recognized that aggressive representation, without misconduct such as destroying evidence or suborning perjury, should not be punished. [*Id.* at 6–7, 10].
>
>> **Analysis:** This justification does not explain why counsel could not have simply submitted a revised motion to amend and modified proposed amended pleading.
>
> **Lack of Prejudice to Defendants** – None of the Defendants moved to strike the added count, and instead, PrimeCare WV sought its dismissal under Rule 12(b)(6). This suggests that the inclusion of the count did not cause undue harm or disrupt the litigation process. [*Id.* at 10].
>
>> **Analysis:** Prejudice to the Defendants is not the material inquiry. That inquiry is, instead, why Plaintiff's counsel believed they were justified in proceeding, quite opaquely, in filing an amended pleading that far exceeded the one presented to the Court for review and approval. Again, the proffered justification does not explain

why counsel could not have simply submitted a revised motion to amend and modified proposed amended pleading.

**Existing Legal Basis for the Claim** – The court had already allowed allegations supporting an alter ego theory, which was related to PrimeCare's insurance arrangements. Although the declaratory judgment count was not explicitly included in the motion to amend, the arguments regarding insurance coverage were already part of the case. [*Id.* at 2, 5, 8–9].

> **Analysis:** This justification merely emphasizes the fact Plaintiff's counsel proceeded well beyond their warrant in making substantive additions to the document after approval by the Court. Again, they do not explain why they could not have simply submitted a revised motion to amend and modified proposed amended pleading.

**Proportionality of Sanctions** – Courts are required to impose the least severe sanction necessary. If any sanction is deemed appropriate, Plaintiff's counsel suggests that striking the count from the amended complaint would be a sufficient and proportional response rather than imposing a monetary penalty. [*Id.* at 7, 9–10].

> **Analysis:** The sanction suggested is no sanction at all. It simply would, to some extent, bring the current, noncompliant pleading more in line with that previously permitted. Again, this justification does not explain why counsel could not have simply submitted a revised motion to amend and modified proposed amended pleading.

**Apology and Willingness to Remedy the Issue** – Plaintiff's counsel acknowledges the procedural misstep and apologizes to both the court and opposing counsel. This expression of good faith and willingness to correct the issue further supports the argument that harsh sanctions are unnecessary. [*Id.* at 11].

> **Analysis:** The Court is appreciative of the apology. It, however, comes (1) quite late, (2) only following the Court's own discovery of the size and scale of the unauthorized amendment (see *infra*), and, again, (3) does not explain why counsel could not have simply submitted a revised motion to amend and modified proposed amended pleading.

After issuing its Show Cause Order on December 17, 2024, the Court further investigated the differences between the Proposed Amended Complaint and the Amended Complaint ultimately filed. A "legal blackline" comparison reveals 4,732 total revisions were made, including substantive, stylistic, and grammatical edits, as well as the addition of the declaratory judgment claim and a new exhibit. The size and scale of the unauthorized

4

amendments will require a measured sanction to redress the contumacious nature of the misconduct.

A.   *Addition of Declaratory Judgment Claim*

In her Amended Complaint, Ms. Bowers seeks a declaratory judgment pursuant to the Declaratory Judgment Act, 22 U.S.C. § 2201, that the PrimeCare Defendants do not have the requisite insurance coverage to trigger a statutory limitation on compensatory damages.

*West Virginia Code* section 55-7B-8 provides that a plaintiff who suffered "permanent physical or mental functional injury that permanently prevents the injured person from being able to independently care for . . . herself" may recover "compensatory damages for noneconomic loss not in excess of $500,000 for each occurrence." W. Va. Code § 55-7B-8(b). If, however, a defendant under this statute "does not have medical professional liability insurance in the aggregate amount of at least $1 million for each occurrence covering the medical injury which is the subject of the action," the limitation on noneconomic damages in subsection (b) does not apply. *Id.* at § 55-7B-8(c). Ms. Bowers, therefore, seeks an Order of Declaratory Judgment stating that,

> the individual medical defendants do not maintain medical professional liability insurance in the aggregate amount of at least $ 1 million dollars for each occurrence covering the medical injury as required by under West Virginia Code § 55-7B-8(d). . . . [and] that the limitations on noneconomic damages contained in West Virginia § 55-7B-8(a)-(c) and (e), are not available to PrimeCare Defendants which do not have medical professional liability insurance in the aggregate amount of at least $1 million for each occurrence covering the medical injury.

[ECF 107 at ¶¶ 194, 210].

B.     *Removal of Eighth Amendment Claim*

Ms. Bowers also removes her Eighth Amendment claims, instead opting to pursue only claims under the Fourteenth Amendment. *See* [ECF 90-1 at ¶¶ 166–197].

Inmates seeking to establish an Eighth Amendment claim for deliberate indifference to serious medical needs must satisfy both an objective and subjective element. *Mays v. Sprinkle*, 992 F.3d 295, 300 (4th Cir. 2021) (citing *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014)); *Phoenix v. Amonette*, 95 F.4th 852, 859 (4th Cir. 2024). The objective element requires a "serious" medical condition either "diagnosed by a physician as mandating treatment" or otherwise "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Scinto v. Stansberry*, 841 F.3d 219, 225 (4th Cir. 2016) (quoting *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008)); *Depaola v. Clarke*, 884 F.3d 481, 486 (4th Cir. 2018). As to the subjective element, "the prison official must have acted with a 'sufficiently culpable state of mind.'" *Mays*, 992 F.3d at 300 (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). The required state of mind is that of "deliberate indifference . . . 'to inmate health or safety.'" *Scinto*, 841 F.3d at 225 (quoting *Farmer*, 511 U.S. at 834). "And deliberate indifference requires that the official have 'had actual subjective knowledge of both the inmate's serious medical condition and the excessive risk posed by the official's action or inaction.'" *Mays*, 992 F.3d at 300 (quoting *Jackson*, 775 F.3d at 178); *see Parrish ex. rel. Lee v. Cleveland*, 372 F.3d 294, 302 (4th Cir. 2004). Under the Fourteenth Amendment, however,

> [t]he plaintiff no longer has to show that the defendant had actual knowledge of the detainee's serious medical condition and consciously disregarded the risk that their action or failure to act would result in harm. That showing remains sufficient, but it is no longer necessary. Now, it is sufficient that the plaintiff show that the defendant's action or inaction was, in *Kingsley*'s words, "objectively unreasonable," 576 U.S. at 397: that is, the plaintiff must show that the defendant should have known of that condition and that risk, and acted accordingly. Or as the Supreme

6

> Court put it when describing civil recklessness in *Farmer*, it is enough that the plaintiff show that the defendant acted or failed to act "in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Farmer*, 511 U.S. at 836.

*Short v. Hartman*, 87 F.4th 593, 611 (4th Cir. 2023).

### C.   *Inclusion of Specific Policy Directives Defendants Allegedly Violated*

Additionally, Ms. Bowers now identifies specific policy directives that the Defendants allegedly violated.

> 72. Defendants violated WVDCR policy directives, including but not limited to, Policy Directive 308.00 Contraband Control and Preservation of Evidence.
>
> 73. Defendants violated WVDCR Policy Directive 308.00 Contraband Control & Preservation of Physical Evidence by failing to ensure appropriate security practices, including designation of secure areas, evidencing an ongoing system designed to detect contraband, preventing its introduction and removing it when found.

[ECF 107 at ¶¶ 72–73].

Our Court of Appeals has concluded that "[t]hough a violation of a local policy does not by itself violate the Constitution or give rise to a § 1983 claim, it is nevertheless instructive both in determining the seriousness of the risk posed and in determining whether an officer knew of "the excessive risk posed by the official's action or inaction." *Short*, 87 F.4th at 613 (quoting *Jackson*, 775 F.3d at 178); *Stevens v. Holler*, 68 F.4th 921, 932 (4th Cir. 2023) (stating that "protocol violations" demonstrate that a defendant "knew of and disregarded a substantial risk of serious injury to the detainee"). Therefore, the inclusion of a specific policy that the Defendants allegedly violated bolsters Ms. Bowers' deliberate indifference claims under the Fourteenth Amendment.

### D. *Removal of Defendants State of W. Va., WVDHS, WVDCR, and Brad Douglas.*

Next, Ms. Bowers removed the following Defendants: (1) the State of West Virginia, (2) WVDHS, (3) WVDCR, and (4) Brad Douglas, as Acting Commissioner of the WVDCR. She then removed two entire sections related to the WVDCR Defendants, [ECF 90-1 at ¶¶ 153–55, 158–60], and interspersed amended language from those sections into other areas of the Amended Complaint. *See* [ECF 107 at ¶¶ 170–17 (consisting of Paragraphs 154 and 155 from ECF 90-1, with amendments); *id.* at ¶¶ 187–188 (consisting of Paragraphs 159 and 160 from ECF 90-1, with amendments)].

### E. *Addition of Exhibit 11.*

Ms. Bowers next includes an Exhibit in the Amended Complaint that was not present in the Proposed Amended Complaint.[2] Exhibit 11 is a supplemental report by Dr. Lloyd Saberski, one of Ms. Bowers' experts, in response to the report of Dr. Thomas J. Parker, a medical expert for the defense. [ECF 107-11]. In this supplemental report, Dr. Saberski refutes Dr. Parker's opinions about the medical care Ms. Bowers received at Eastern Central Regional Jail ("ERJ"), both before and after she was found unresponsive. [*Id.* at 1]. The report is dated January 23, 2024, meaning it was likely in Ms. Bowers' possession at the time she moved to amend in March 2024.

---

[2] The Proposed Amended Complaint attached to the Motion for Leave to Amend included an Exhibit 11 pertaining to the spoilation of evidence claim that the Court denied leave to include. As such, there should have been no Exhibit 11 to the Amended Complaint ultimately filed.

### F.   *Various other formatting, grammatical, and substantive edits.*

Ms. Bowers also made several other edits to the document, changing certain verbiage, correcting grammatical mistakes, and changing the nature of some of her claims. Examples include, but are not limited to the following:

- Adding or changing language to shift focus to Defendants' alleged violation of Ms. Bowers' right to safety:
    - Changing "to prevent Jessica Bowers from ingesting illegal drugs" to "to prevent Jessica Bowers from <u>obtaining and</u> ingesting illegal drugs <u>in violation of her right to safety</u>" [*Id.* at ¶ 55 (emphasis added)];
    - Adding "including safety" to basic human needs [ECF 107 at ¶¶ 155, 162];
    - Adding "and failing to protect Ms. Bowers" to Defendants' alleged conduct [*Id.* at ¶ 170];
- Changing "<u>are subjected to</u> appropriate medical care" to "<u>received</u> appropriate medical care" [ECF 107 at ¶ 8 (emphasis added)];
- Removing "which led to the failure to treat the serious medical needs of Jessica Bowers" [ECF 90-1 at ¶ 10];
- Removing "by providing, *inter alia*, beds and bedding for all inmates, appropriate food and access to drinking water, access to basic hygiene products, toilets, showers, and laundry, and providing living conditions free of mold, sink and toilet water, human waste, rats, insects, and other contaminants for all inmates housed therein" [*Id.* at ¶ 23];
- Changing "created" to "creating" [ECF 107 ¶ 20(h)];
- Changing "Defendant's" to "Defendants'" [*Id.* at ¶¶ 48, 56, 57, 64];
- Changing "The Division of Corrections and Rehabilitation" to "Defendants" after removing the WVDCR as a Defendant [*Id.* at ¶ 62];
- Removing "cruel and unusual" before the word "punishment" and removing allegation that Defendants violated the "1st, 4th, 5th, 6th, [and] 8th" Amendments [*Id.*];
- Changing "oversee" to "prevent" [*Id.* at ¶ 64];
- Changing "vicarious and strictly liable" to "liable" [*Id.* at ¶ 65];

9

- Adding "a" before "detainee" [*Id.* at ¶ 69];

- Removing the phrase "each time" regarding Ms. Bowers' admissions to ERJ [*Id.* at ¶¶ 75, 77];

- Changing "correct" to "correctly" [*Id.* at ¶ 112];

- Adding "than" to correct the phrase "no more 3 to 4 days" [*Id.* at ¶ 137];

- Changing "injury is" to "injuries are" [*Id.* at ¶ 144];

- Removing class language, i.e., "and all similarly situated inmates and former inmates" from both Fourteenth Amendment claims [ECF 90-1 at ¶¶ 200, 216; ECF 107 at ¶ 155, 173];

- Replacing "the physical effects of loss of sleep and/or exhaustion" with "the physical effects of neurocognitive damages" [ECF 90-1 at ¶¶ 211, 227; ECF 107 at ¶¶ 166, 184 (emphasis added)];

- Correcting the attorney fee statute reference from § 1983 to § 1988 [*Id.* at ¶¶ 167, 185];

- Correcting "Bowers" to "Bowers'" [*Id.* at ¶ 190];

- Changing "all Defendants" to "PrimeCare Defendants" in section (b) of the prayer for relief [*Id.* at 39]; and

- Replacing the interest provision in section (d) of the prayer for relief with declaratory judgment language [*Id.*].

## II.

*Federal Rule of Civil Procedure* 15 provides that a party seeking to amend its pleading more than twenty-one days after a responsive pleading or Rule 12 motion has been filed may do so "only with the opposing party's written consent or the court's leave" and instructs that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); *see Scott v. Family Dollar Stores, Inc.*, 733 F.3d 105, 112 (4th Cir. 2013) (quoting *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010)) (stating that courts should "liberally allow amendment

in keeping with the spirit of Federal Rule of Civil Procedure 15(a)").

However, leave to amend is not limitless, and a party filing amended pleadings may not exceed the scope of leave granted by the district court lest they be in violation of the *Federal Rules of Civil Procedure*. *See Hamstead v. Walker*, No. 3:18-CV-79, 2019 WL 12313459, at *3 (N.D.W. Va. June 7, 2019) ("The failure to file the same amended complaint as the one proposed is not only a violation of Rule 15, but in some cases, it can be grounds for sanctions." (quoting *Bogdan v. Hous. Auth. of Winston-Salem*, No. 1:05CV00568, 2006 WL 3848693, at *3 (M.D.N.C. Dec. 29, 2006))). Rule 11 provides as follows:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) *it is not being presented for any improper purpose*, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

Fed. R. Civ. P. 11(b); *see Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 551 (1991). Rule 11 additionally provides as follows:

> (c) Sanctions.
>
> > (1) In General. If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.

Fed. R. Civ. P. 11(c)(1).

When the Court granted Ms. Bowers' Motion to Amend on May 16, 2024, it did not give her leave to file any amended complaint. Rather, Ms. Bowers was given leave to file the Proposed Amended Complaint that was submitted with her motion and relied upon by the Court.

11

*See Dover Steel Co. v. Hartford Acc. & Indem. Co.*, 151 F.R.D. 570, 574 (E.D. Pa. 1993) (stating that the plaintiff "did not have leave to file any old amended complaint that it wished to file—it had permission to file its Proposed Complaint"); *Hyatt v. Miller*, No. 1:19 CV 250 MR WCM, 2020 WL 5750864, at *2 (W.D.N.C. Sept. 25, 2020).

Furthermore, as detailed *supra*, the sheer scope of the changes to the proposed amended complaint are so significant and substantive -- in both scope and number -- that one is left with little choice but to conclude counsel simply chose by deliberate fiat to -- in a very misleading and inappropriate fashion -- file a pleading of their own choosing as opposed to the one earlier presented to and approved by the Court.

The Court **FINDS** that Ms. Bowers' counsel acted in bad faith and violated -- at a minimum -- both Rules 15 and 11(b) by filing an Amended Complaint that substantially and materially differs from that proposed and approved by the Court.

### III.

Having found that counsel violated the *Federal Rules of Civil Procedure*, the Court must determine whether and to what extent sanctions are warranted.

Rule 11(c) provides, in pertinent part, that,

> [i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.
>
> . . . .
>
> A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing

>  payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

Fed. R. Civ. P. 11(c)(1), (4).

The Court entered a Show Cause Order on December 17, 2024, requiring Ms. Bowers to show good cause in writing why she added a declaratory judgment claim without leave of court, and "why a monetary sanction order should not issue as to [her] counsel, jointly and severally, in the minimum amount of $5,000." [ECF 149 at 2]. Ms. Bowers responded to the Order on December 27, 2024. [ECF 152]. Accordingly, the Court **FINDS** that counsel was given adequate notice and a reasonable opportunity to be heard pursuant to Rule 11(c)(1).

In the response, counsel for Ms. Bowers contends that they added the declaratory judgment claim as part of the alter ego theory of liability between PrimeCare and PrimeCare WV but concedes that the Proposed Amended Complaint provided to the Court "did not set forth a declaratory judgment count, specifically." [*Id.* at 9].

> The filing for bankruptcy protection by [PrimeCare WV] resulted in uncertainty regarding the nature and extent of the insurance coverage; the amount of available assets outside of the insurance coverage; and, the ability of Plaintiff Jessica Bowers to receive reasonable compensation for her injuries. This uncertainty and the desire for accountability led to the inclusion of the additional count, which, would have been more properly asserted by seeking specific leave to include the additional count or by filing a separate action.

[*Id.*]. Counsel further asserts that its conduct was, at worst, overzealous representation not meriting the imposition of sanctions.

Under Rule 11(c), it would be within the Court's discretion to strike the Amended Complaint. *See Montgomery v. City of Ardmore*, 365 F.3d 926, 943 (10th Cir. 2004) (concluding that a district court did not abuse its discretion when it struck an amended complaint that "differed materially from the one originally attached to the motion to amend" and made a finding of bad faith); *Nolen v. Fairshare Vacation Owners Ass'n*, No. 22-11128, 2023 WL 5622595, at *10 (11th

Cir. Aug. 31, 2023) (unpublished) (affirming a district court's decision to strike a second amended complaint that exceeded the scope of the leave to amend granted).

As noted, Ms. Bowers' counsel suggests that an adequate sanction would be striking of the declaratory judgment claim. [ECF 152 at 10]. Either of these actions would punish Ms. Bowers for the wrongful conduct of her counsel.

Counsels' misconduct in adding the declaratory judgment claim, especially in light of the numerous other edits to the Amended Complaint without leave of Court, warrants considerable monetary sanctions to discourage, deter, and chill similar future misconduct by counsel or others contemplating similar contumacious actions. Although the Court has considered a suitable sanction as high as $10,000 to adequately remedy the matter, it will impose the minimum amount set earlier in this matter.

## IV.

Accordingly, the Court **SANCTIONS** Plaintiff's counsel**,** Stephen P. New and Christopher J. Heavens, for violating *Federal Rules of Civil Procedure* 15, 11(b), and for disregarding the Court's inherent authority to appropriately manage and control its docket. The Court **ORDERS** that counsel, jointly and severally, pay over to the Clerk the sum of $5,000 no later than May 15, 2025, along with filing a certificate of compliance with the Court no later than that same date.

The Clerk is **DIRECTED** to send a copy of this written opinion and order to all counsel of record and any unrepresented parties.

ENTER: April 21, 2025

Frank W. Volk
Chief United States District Judge