UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT MARTINSBURG

JESSICA B. BOWERS,

    Plaintiff,

v.                                                              CIVIL ACTION NO. 3:23-cv-00119

JEFF S. SANDY,
*individually and in his official capacity as
the former Cabinet Secretary of the West Virginia
Department of Homeland Security,* and
BETSY JIVIDEN,
*individually and as a former employee of the West Virginia
Division of Corrections and Rehabilitation*, and
DIDYMUS TATE,
*individually and as an employee of the West Virginia
Division of Corrections and Rehabilitation,* and
JOHN/JANE DOE UNKNOWN EMPLOYEES OR
AGENTS OF THE WEST VIRGINIA DIVISION
OF CORRECTIONS AND REHABILITATION,
*individually and as employees or agents of the West
Virginia Division of Corrections and Rehabilitation,*

    Defendants.

## MEMORANDUM OPINION AND ORDER

    Pending is Plaintiff Jessica Bowers' Motion for Reconsideration and for Leave to Amend Pursuant to *Federal Rule of Civil Procedure* 59(e) [ECF 181], filed on August 13, 2025. Defendants Betsy Jividen, Jeff S. Sandy, and Didymus Tate responded on August 29, 2025. [ECF 183]. Ms. Bowers replied on September 3, 2025. [ECF 184]. The matter is ready for adjudication.

### I.

    On July 16, 2025, the Court granted Ms. Jividen, Mr. Sandy, and Mr. Tate's Motion to Dismiss. [ECF 155, 156]. Ms. Bowers timely moved under *Rule* 59(e) for reconsideration and

sought leave to file an amended complaint. She seeks to correct certain deficiencies and to add a spoliation of evidence claim. [ECF 181]. She asserts she planned to seek leave to amend following certain depositions, but was preempted by dismissal. [*Id*. at 3]. Defendants contend the amendment would be prejudicial and futile. [ECF 183 at 5].

## II.

Inasmuch as the Court had not yet entered its judgment following dismissal, Rule 59 does not govern the inquiry. The power to reconsider or modify interlocutory orders is "committed to the discretion of the district court." *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514–15 (4th Cir. 2003) (citing *Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 12 (1983) (noting that "every order short of a final decree is subject to reopening at the discretion of the district judge")). That discretion is not subject to the "heightened standards for reconsideration" governing final orders. *Am. Canoe*, 326 F.3d at 514–15; *see also Fayetteville Invs. v. Com. Builders, Inc.*, 936 F.2d 1462, 1473 (4th Cir. 1991) ("'Interlocutory orders . . . are left within the plenary power of the Court that rendered them to afford such relief from them as justice requires.'" (quoting 7 Moore's Federal Practice, ¶ 60.20, p. 60–170)). Rather, "a court may revise an interlocutory order under the same circumstances in which it may depart from the law of the case: (1) 'a subsequent trial produc[ing] substantially different evidence'; (2) a change in applicable law; or (3) clear error causing 'manifest injustice.'" *Carlson v. Bos. Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017) (alteration in original) (quoting *Am. Canoe*, 326 F.3d at 515). While this standard is similar to that applicable to Rule 59(e) motions, "it departs from such standard by accounting for potentially different evidence discovered during litigation as opposed to the discovery of 'new evidence not available at trial.'" *Carlson*, 856 F.3d at 325 (quoting *Pac. Ins.*

*Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)).

When a Plaintiff files a motion to amend along with a motion under Rule 59(e), the Court must consider the request for leave to amend in conjunction with the motion to reconsider. *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) ("Rule 15(a) and Rule 59(e) motions rise and fall together."). The same approach is sensible with an unadorned motion to reconsider. "A request to amend should only be denied if one of three facts is present: 'the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or amendment would be futile.'" *Id.* at 379. In support of longstanding policy favoring resolution of cases on the merits, and not technicalities, "the court should freely give leave when justice so requires." *Id.* at 378 (quoting Fed. R. Civ. P. 15(a)(2)).

### III.

In support of her Motion to Reconsider, Ms. Bowers contends it would be a "manifest injustice under the facts of the instant case to permit the Defendants to benefit from the spoliation of evidence." [ECF 182 at 7]. Ms. Bowers asserts she was unable to sufficiently plead her claim under the appropriate standard because "the Defendants destroyed or disposed of the evidence that would permit more specificity." [*Id.* at 8]. Treating these allegations as true, Defendants failed both to abide by their own document retention policies and by accompanying principles requiring the preservation of evidence in anticipation of litigation. *See Turner v. United States*, 736 F.3d 274, 282 (4th Cir. 2013) (citing *Silvestri v. Gen. Motors Corp.*, 271 F.3d 583, 591 (4th Cir. 2001)); *see also* Fed. R. Civ. P. 37(e).

Ms. Bowers thus seeks leave to amend to address the now-nonexistent evidence which would have supported her ability to plead viable claims at the outset. [ECF 182 at 14-15].

She further contends, according to the standard laid out in *Mayfield*, that the factors precluding leave to amend are absent. [ECF 182 at 17 (citing *Mayfield*, 674 F.3d at 379)]. In sum, she asserts (1) the amendment is not prejudicial inasmuch as discovery is ongoing, (2) bad faith is absent, and (3) the amendment is not futile inasmuch as dismissal was based upon her insufficient allegations and not her utter failure to allege possible claims. Defendants primarily oppose the amendment request due to perceived prejudice resulting from (1) the magistrate judge's earlier refusal to permit the addition of a spoliation claim, and (2) the added expense and resources necessary to defend the new claim.

Ms. Bowers offers evidence from discovery that material records and video footage were not preserved despite timely preservation requests and governing policy. [ECF 181, Ex. 5, 6]. Ms. Bowers' counsel knew dismissal was requested, but she failed to seasonably raise spoliation. Her hope "that she had time to complete discovery before the Court would rule on dispositive motions" matters little. [ECF 182 at 9-10; *see also id.* at 10 ("[I]t was Plaintiff's intention to move to amend to add a spoliation count after the Rule 30 deposition that was in the process of being scheduled.")]. Motions to amend must be pursued with diligence, and counsel's delay unnecessarily complicated the matter.

Nevertheless, the gravity of the allegations is significant. Ms. Bowers asserts she was supplied fentanyl while in custody, resulting in a catastrophic overdose and permanent cognitive injuries. [ECF 107 ¶¶ 48-59]. And now Ms. Bowers has supplied new evidence that material records and video footage were not preserved despite timely preservation requests. [ECF 181, Ex. 5, 6]. Those matters warrant further inquiry, the first step toward which is the requested amendment. The risk of prejudice is quite low or absent. Discovery is ongoing, and the interests of justice suggest the necessity of allowing development of the new claim, at a minimum.

Nevertheless, Defendants have correctly observed lingering deficiencies putting her proposed amended complaint at odds with the earlier dismissal order. Accordingly, Ms. Bowers is granted leave to file, no later than October 22, 2025, a corrected, proposed amended complaint addressing the aforementioned deficiencies, at least insofar as permitted by the discovery taken to date and allegations upon information and belief respecting the spoiled records.

### IV.

For the foregoing reasons, Plaintiff's Motion for Reconsideration [**ECF 181**] is **GRANTED IN PART**. The July 16, 2025, Order [**ECF 179**] is **VACATED** to the extent it dismissed with prejudice Plaintiff's claims against Ms. Jividen, Mr. Sandy, and Ms. Tate.

The Clerk is **DIRECTED** to send a copy of this written opinion and order to all counsel of record and any unrepresented parties.

ENTER:    October 24, 2025

*Frank W. Volk*
Frank W. Volk
Chief United States District Judge