IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT MARTINSBURG

JESSICA B. BOWERS,

     Plaintiff,

v.                                 Civil Action No. 3:23-cv-00119
                                 Honorable Frank Volk, Judge

JEFF S. SANDY, et al.,

          Defendants.


**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT**

*(Clean Memorandum — No TOC/TOA)*

     Plaintiff Jessica B. Bowers, by counsel, submits this Memorandum in Opposition to Defendants' Motion to Dismiss her Second Amended Complaint [Documents 201 and 202]. The motion should be denied in its entirety because the Second Amended Complaint ("SAC")—filed pursuant to the Court's October 24, 2025 Order—contains extensive factual allegations, supported by expert reports and DCR documents, that plausibly state each cause of action under the governing *Twombly/Iqbal* standard. Plaintiff has alleged detailed, defendant-specific facts that more than satisfy Rule 8. Moreover, the Defendants still do not deny that they intentionally destroyed evidence as alleged by the Plaintiff. Since the Defendants do not deny that they intentional destroyed evidence and Plaintiff has sufficiently pleaded a claim under *Hannah v. Heeter*, the Plaintiff is entitled to summary judgment under Rule 56.

## I.    INTRODUCTION

Defendants incorrectly characterize the SAC as "threadbare" and "conclusory." It is neither. The SAC provides:

1.  **Medical causation evidence** from Dr. Saberski establishing Plaintiff ingested fentanyl within the 72-hour window when she was continuously incarcerated (¶¶ 3–5, 15–17).

2.  **Detailed contraband-policy violations**—identifying the specific directives, regulations, and practices Defendants ignored (¶¶ 32–38).

3.  **Defendant-specific supervisory failures** by Sandy, Jividen, and Tate tied directly to their statutory and policy duties (¶¶ 43–45, 51–53, 57–63).

4.  **Concrete spoliation allegations**, including dates, notices, policy requirements, and the exact evidence destroyed (¶¶ 19–33, 73–84).

5.  **Expert opinions from George Hardinger**, demonstrating systemic failures, gross deviations from standards, and violations of DCR policies and West Virginia Code of State Rules (¶¶ 29–39).

This is precisely the level of factual specificity the Court authorized when granting leave to amend.

Because the SAC pleads plausible claims for deliberate indifference, unconstitutional conditions of confinement, supervisory liability, substantive due process, and intentional spoliation, Defendants' motion must be denied.

## II.    LEGAL STANDARD

Under Rule 12(b)(6), the Court must accept all well-pled facts as true and draw reasonable inferences in Plaintiff's favor. *Twombly* and *Iqbal* do not require Plaintiff to prove her case at the pleadings stage—only to allege sufficient facts to state a plausible

claim. Legal conclusions are disregarded, but factual allegations, expert-supported inferences, and policy-based duties are accepted as true.

Here, Plaintiff's SAC alleges dozens of specific facts tied to dates, policies, individuals, and expert findings. These satisfy the plausibility standard.

## III.  ARGUMENT

### A.  The SAC Pleads Far More Than "Threadbare Recitals" — It Pleads Detailed, Fact-Intensive Claims

Defendants' position ignores the extensive factual content of the SAC, including:

- Identification of the fentanyl ingestion window (¶¶ 3–4, 15–17).

- Identification of DCR policies violated (¶¶ 32–39).

- Spoliation events and notices with dates and responsible individuals (¶¶ 19–33, 73–84).

- Direct evidence that Plaintiff had **no cellmate** (¶ 26, 78).

- Expert findings documenting operational failures (¶¶ 29–39).

- Specific duties of the Defendants as Commissioner, Cabinet Secretary, and on-site supervisor (¶¶ 10–12, 43–45, 57–63).

These are factual allegations, not legal conclusions.

### B.  Count I – Deliberate Indifference

Defendants argue Plaintiff does not allege the required state of mind. The SAC shows otherwise.

1.    **Plaintiff alleged a serious medical need**

Plaintiff suffered fentanyl poisoning, respiratory failure, coma, and permanent brain injury (¶¶ 1–4, 41, 46). This unquestionably satisfies the "serious medical need" element.

2.    **Defendants knew or should have known of the substantial risk**

The SAC alleges:

- Fentanyl smuggling was a known issue within DCR facilities (¶¶ 32–33, 38).
- Plaintiff was placed in "detox observation" (¶¶ 33–37).
- Inmates reported Plaintiff was using drugs before the overdose (¶ 33).
- Plaintiff exhibited clear signs of medical distress (¶ 41).

3.    **Defendant-specific conduct is alleged**

- **Tate:** Had actual knowledge of the emergency and failed to initiate medical response as required by § 95-1-14.1 and 14.9.10 (¶ 43).
- **Jividen:** Failed to enforce drug interdiction, medical supervision, and incident reporting policies (¶ 44).
- **Sandy:** Knew of systemic failures in retention, supervision, and accountability (¶ 45).

4.    **Expert testimony supports deliberate indifference**

Hardinger concluded that DCR's failures were gross deviations from correctional standards (¶¶ 29–39).

These allegations more than meet the *Short v. Hartman* standard.

### C.    Count II – Conditions of Confinement

Defendants claim Plaintiff has not alleged punitive conditions. The SAC proves otherwise:

- Plaintiff was placed in punitive segregation for approximately 10 days without hearings, recreation, hygiene access, reading materials, or commissary (¶ 35).

- No permanent logs or deprivation reports were generated as required by §§ 95-2-11.9 and 11.20 (¶¶ 34–35, 53).

- Her cell was a known locus of contraband activity, creating objectively unreasonable and dangerous conditions (¶¶ 49–54).

- Fentanyl was introduced into a "restricted, constantly monitored Intake unit" (¶ 38).

These conditions were excessive and not reasonably related to any legitimate governmental goal.

### D.    Count III – Supervisory Liability

Under *Shaw v. Stroud*, Plaintiff must plead:

1.    Knowledge of a pervasive and unreasonable risk;

2.    Deliberate indifference or tacit authorization; and

3.    Causation.

The SAC establishes all three:

**Knowledge**

- DCR had prior operational breakdowns involving contraband (¶¶ 32–33).

- Notices were provided directly to Jividen and Sandy (¶¶ 24, 60, 74–75).

- Tate supervised the unit where Plaintiff was held (¶¶ 12, 43, 53).

**Deliberate Indifference**

- Failure to enforce contraband reporting (Policy 303.01) (¶¶ 54, 58–59).

- Failure to enforce detox and medical policies (¶¶ 43, 58).

- Failure to preserve logs, video, and reports despite multiple notices (¶¶ 19–33, 73–84).

**Causation**

- The destruction of video/logs directly prevented Plaintiff from identifying the DCR employee responsible for the fentanyl (¶¶ 27–28, 63, 82–83).

These allegations satisfy *Shaw*.

### E.    Count IV – Civil Rights Violations Under § 1983

Plaintiff alleges:

- She was entitled to reasonable safety and medical care (¶¶ 65–66).

- Defendants knowingly failed to supervise, prevent, or respond to contraband use (¶¶ 49–54).

- Defendants placed her in punitive isolation contrary to regulation (¶ 55).

- Defendants destroyed evidence critical to identifying the perpetrator (¶¶ 68–69, 73–84).

These allegations constitute conscience-shocking conduct under the Fourteenth Amendment.

**F.    Count V – Intentional Spoliation (Hannah v. Heeter)**

West Virginia recognizes this as an independent tort. The SAC pleads *each element*:

1.    **Pending/potential litigation:** Preservation letter (April 12, 2022) (¶ 73).

2.    **Knowledge:** Acknowledgment and forwarding to Jividen, Simmons, and Douglas (¶¶ 20–21, 74).

3.    **Willful destruction:** Logs, surveillance videos, and communications were destroyed (¶¶ 23, 27, 75–76).

4.    **Intent:** Evidence was destroyed while DCR knew the only possible source of fentanyl was DCR staff (¶¶ 26, 78–79).

5.    **Inability to prevail:** Plaintiff cannot identify the perpetrator (¶¶ 82–83).

6.    **Damages:** Irreparable prejudice (¶ 82).

This claim is properly pled and the Defendants do not deny the allegations. Plaintiff is entitled to summary judgment under Rule 56.

**G.    Qualified Immunity Does Not Apply**

Qualified immunity cannot be granted at the pleadings stage where Plaintiff alleges:

•    Clear violations of established rights to adequate medical care (*Short*),

•    Freedom from punitive conditions without due process (*Bell v. Wolfish*),

•    Freedom from substantial risks created by staff misconduct (*Farmer v. Brennan*), and

- Evidence preservation obligations (*Hannah v. Heeter*; Policy 105.00).

Plaintiff's allegations state violations of clearly established law.

## IV.    CONCLUSION

The Second Amended Complaint contains extensive factual allegations, expert support, and policy-based duties demonstrating deliberate indifference, unconstitutional conditions, supervisory failures, civil rights violations, and intentional spoliation. Defendants' motion relies on a mischaracterization of the SAC and ignores well-pled facts the Court must accept as true.

For these reasons, Defendants' Motion to Dismiss should be **DENIED**.

Respectfully submitted,

HEAVENS LAW FIRM, PLLC

By: /s/ Christopher J. Heavens
Christopher J. Heavens (WV Bar No. 5776)
2438 Kanawha Boulevard East
Charleston, West Virginia 25311
Phone:        (304) 346-0464
Fax:          (304) 345-5775
email:        chris@heavenslawfirm.com

STEPHEN P. NEW & ASSOCIATES

By: /s/ Stephen P. New
    /s/ Shawna Pinkerton
    /s/ Emilee B. Wooldridge

Stephen P. New (WV Bar No. 7756)
Shawna Pinkerton (WV Bar No. 8184)
Emilee B. Wooldridge (WV Bar No. 14310)
430 Harper Park Drive
Beckley, West Virginia 25801
Phone:    (304) 250-6017
Fax:    (304) 250-6012
email:    steve@newlawoffice.com
    shawna@newlawoffice.com
    emilee@newlawoffice.com

*Counsel for Plaintiff Jessica B. Bowers*

**CERTIFICATE OF SERVICE**

The undersigned, counsel for the Plaintiff, Jessica Bowers, hereby certifies that on this 14th  day of November, 2025, the foregoing **Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss Second Amended Complaint** was electronically filed with the Clerk of the Court using the Case Management/Electronic Case Files (CM/ECF) system, which will send notification of such filing to current CM/ECF participants.

                                                  /s/Christopher J. Heavens
                                                 Of Counsel for Plaintiff

Christopher J. Heavens (WV Bar No. 5776)
**HEAVENS LAW FIRM, PLLC**
2438 Kanawha Boulevard East
Charleston, West Virginia 25311
Phone:        304-346-0464
Fax:           304-345-5775
e-mail:       chris@heavenslawfirm.com

and

Stephen P. New (WV Bar No. 7756)
Shawna Pinkerton (WV Bar No. 8184)
Emilee B. Wooldridge (WVSB No. 14310)
**STEPHEN NEW & ASSOCIATES**
430 Harper Park Drive
Beckley, WV 25801
Phone::        (304)250-6017
Fax:           (304)250-6012
e-mail         steve@newlawoffice.com
                  emilee@newlawoffice.com
                  shawna@newlawoffice.com