**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG DIVISION**

**JESSICA B. BOWERS,**

      **Plaintiff,**

**v.**                                       **Civil Action No. 3:23-CV-119**
                                              **Hon. Frank W. Volk, Judge**

**JEFF S. SANDY, et al.,**

      **Defendants.**

**WEST VIRGINIA DIVISION OF CORRECTIONS AND REHABILITATION'S**
**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION TO QUASH SUBPOENA**

**NOW COMES** non-party West Virginia Division of Corrections and Rehabilitation ("WVDCR"), by counsel, Natalie C. Schaefer, Kimberly M. Bandy, and the law firm of Shuman McCuskey Slicer PLLC, and pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, submits its Memorandum of Law in Support of its Motion to Quash Subpoena Duces Tecum (ECF 209) and corresponding Rule 30(b)(6) Notice of Deposition and Requests for Production (ECF 208).

**INTRODUCTION AND PROCEDURAL HISTORY**

As a preliminary matter, counsel for the WVDCR and Plaintiff have conferred and are still in the process of conferring with respect to the deposition topic areas and requests for production that are the subject of this motion. However, as no agreement has yet been reached, non-party WVDCR submits this motion to protect its rights and preserve its objections with respect to the latest subpoena requesting deposition testimony and document production.

The WVDCR and the West Virginia Department of Homeland Security were formerly Defendants in this matter until Plaintiff filed her Amended Complaint on June 26, 2024, which did

not name the agencies as parties. (ECF 107). Plaintiff obtained significant discovery from these entities while they were parties. Discovery requests were served on WVDHS and WVDCR on June 30, 2023. (ECF 10). On August 18, 2023, the agencies responded to those requests. (ECF 15). The first set of discovery requests included 83 requests for production of documents. On September 28, 2023, Plaintiff served a second set of requests for production. (ECF 18).

On October 26, 2023, the agencies served their First Supplemental Response to Plaintiff's First Set of Interrogatories and Requests for Production of Documents. (ECF 24). On November 3, 2023, WVDHS and WVDCR served their Second Supplemental Response to Plaintiff's First Set of Interrogatories and Requests for Production of Documents. (ECF 28). On November 8, 2023, WVDHS and WVDCR served their Third Supplemental Response to Plaintiff's First Set of Interrogatories and Requests for Production of Documents. (ECF 31). On November 9, 2023, WVDHS and WVDCR served their Fourth Supplemental Response to Plaintiff's First Set of Interrogatories and Requests for Production of Documents. (ECF 32).

Following motions related to requested ESI, an Order was entered on January 10, 2024, granting in part and denying in part Plaintiff's Request [ECF No. 66] For Inspection and Photographing. (ECF 82). The Court found "that Plaintiff has not described the information sought with reasonable particularity and has not provided Defendants with 'reasonable notice of what is called for and what is not.' *Order*, ECF 82, p. 5, quoting *Hager v. Graham*, 267 F.R.D. 486, 493 (N.D. W. Va. 2010). The Court further found the request to be "overly broad, intrusive and not proportional to the needs of the case." *Order*, ECF 82, p. 5. The Court encouraged the parties to continue to negotiate, but it appears that this was not pursued further by Plaintiff over the next five months while WVDCR and WVDHS were parties. On June 26, 2024, Plaintiff filed her Amended Complaint, removing the WVDHS and WVDCR as party Defendants. (ECF 107).

On January 15, 2025, Plaintiff served a Notice of Video Deposition Duces Tecum of Rule 30(b)(6) Representative(s) of State of West Virginia DHS and DCR, as nonparties. (ECF 158, 159). The Notice requested testimony and documents regarding 86 enumerated subject matter areas from each agency over a broad range of topics, several of which involved expansive searches. (ECF 153). The WVDHS and WVDCR filed a Motion to Quash, along with a supporting memorandum of law. (ECF 162-164). Subsequent to the filing of that Motion, the agencies and Plaintiff reached an agreement regarding the substance of that Notice, which resulted in the filing of the Amended Notice of 30(b)(6) deposition, which included 43 numbered paragraphs. (ECF 170). At the time that compromise was reached, there were pending claims against Jeff S. Sandy, individually and in his official capacity as the former Cabinet Secretary of WVDHS; Betsy Jividen, individually and as an employee of WVDCR; and Didymus Tate, individually and as an employee of WVDCR. (ECF 107). The style of the case at that time included "John/Jane Doe" Defendants who Plaintiff identified in her Amended Complaint as "presently unknown employees, representatives, or agents of [WVDCR]." (ECF 107, ¶18). The Amended Notice was filed on March 14, 2025, but a date was not set for the deposition prior to this Court entering its Memorandum Opinion and Order on July 16, 2025, dismissing all of the named individuals from WVDHS and WVDCR. (ECF 179).

In August, 2025, Plaintiff renewed her request for the deposition of representatives of the WVDHS and WVDCR pursuant to the agreed-upon Amended Notice. (ECF 193-1). The agencies and Plaintiff conferred regarding this renewed request. (ECF 188-1, 188-2, 193-1, 193-2, 193-3, 193-4). Because it appeared at that time that there were no party defendants remaining in the case, non-parties WVDHS and WVDCR filed a Motion for Clarification or, In the Alternative, Motion to Quash. (ECF 193, 194).

3

On October 24, 2025, the Court entered a Memorandum Opinion and Order granting Plaintiff's Motion for Reconsideration and for Leave to Amend. (ECF 195, 196). On October 27, 2025, the WVDHS and WVDCR filed a Notice of Withdrawal of Motion for Clarification or, In the Alternative, Motion to Quash. (ECF 197). On October 30, 2025, counsel for WVDCR advised that witness designees could be available for deposition on November 18 or November 19, 2025. (Exhibit A, email correspondence of 10/30/25). That same date, counsel advised that the witnesses were located in Charleston, WV, and Martinsburg, WV. (Exhibit B, email correspondence of 10/30/25). Counsel for Plaintiff responded that, based on the Court's order (ECF 195) and the anticipated filing of the Second Amended Complaint, Plaintiff was going to revise the Rule 30 notice. (Exhibit C, email correspondence of 10/30/25).

Plaintiff's Second Amended Complaint was filed on October 31, 2025. (ECF 200). The Second Amended Complaint asserted claims against Jeff S. Sandy, Betsy Jividen, Didymus Tate, and John/Jane Doe unknown employees or agents of WVDCR. (ECF 200). On November 21, 2025, Plaintiff made a request to depose Col. Strider Ouimet, a non-party employee of WVDCR. (Exhibit D, email correspondence of November 21, 2025). On November 25, 2025, counsel for WVDCR advised that it could accept a subpoena for Col. Ouimet to be deposed as a fact witness. (Exhibit E, email correspondence of November 25, 2025). Plaintiff's counsel advised that the deposition would be taken remotely. (Exhibit E, email correspondence of November 25, 2025).

On November 25, 2025, Plaintiff filed Plaintiff's Motion for Leave to File Third Amended Complaint. (ECF 207). Plaintiff seeks to add WVDCR as a party for the purpose of asserting a claim for intentional spoliation of evidence under West Virginia law, which is currently pending.

On November 26, 2025, Plaintiff filed Plaintiff's Rule 30(b)(6) Notice of Deposition to the WVDCR with Concurrent Requests for Production (ECF 208, 208-1, 208-2, 208-3) and Notice of

Issuance of Subpoena (ECF 209, 209-1). The most recent Notice requests that responsive documents be produced on or before December 22, 2025, and that testimony be given on December 29, 2025, in Beckley, WV. The deposition topic areas and requests for document production differ substantially from the agreed-upon Amended Notice of 30(b)(6) deposition. (ECF 170). The scope of the requests have also been expanded substantially from the previously agreed-upon scope, and reintroduces requests that Plaintiff had previously agreed to withdraw as part of the compromise. The scope of the requests is not proportional to the needs of the case, and imposes an undue burden and expense on the WVDCR. The subpoena duces tecum, in light of the volume and expansive scope of the subject matter areas, taken cumulatively with the discovery already produced by this agency, and the shifting nature of the scope of the requests, have the effect of harassing and burdening the WVDCR.

There is no apparent justification for the substantially expanded scope of discovery. Plaintiff's motion for leave to amend to add the WVDCR as a party specifically advises the Court that "[t]he amendment does not introduce any new factual allegations, does not require additional discovery, and does not expand the scope of litigation." (ECF 207, ¶12). The current party defendants, Sandy, Jividen, and Tate, are the same defendants that were in the case when the Amended Notice was agreed upon in March of 2025. Though the current parties and claims are essentially the same as they were in March of 2025, Plaintiff's most recent Notice substantially expands the scope of the deposition topics to an extent well beyond what had previously been compromised and agreed upon.

On December 9, 2025, counsel for the WVDCR sent email correspondence requesting that the most recent Notice be withdrawn and that counsel confer regarding logistics and scope. (Exhibit F, email correspondence of 12/9/2025). On December 10, 2025, counsel agreed to a phone

call on the morning of December 17 to confer. (Exhibit G, email correspondence of 12/10/2025). On the same date, counsel stipulated that the WVDCR would have until December 20, 2025, to formally object and/or file a motion to quash and/or protective order, to provide counsel additional time to confer. (ECF 214).

A phone call took place on December 17, 2025, to confer. It was agreed that the deposition would not take place on December 29. Counsel discussed coordinating a deposition date to proceed along the lines of the parameters of scope previously agreed upon in March 2025. However, details were not agreed upon. Counsel for WVDCR sent email correspondence on December 19, 2025, with more detailed objections to each topic or request, including some proposed alternatives. (Exhibit H, email correspondence of 12/19/2025). At the same time, counsel for WVDCR suggested an additional extension of time for the filing of a motion to quash, to allow for additional time for counsel to confer on these matters. As of the time of this filing, there was no response to the suggestion for an additional extension of time.  Accordingly, to preserve its objections, the WVDCR submits the instant Motion to Quash.

On an individual basis, numerous topics and requests are not stated with reasonable particularity to permit either a reasonable document search or a witness to prepare to testify. While the WVDCR and Plaintiff had previously agreed on a one-year timeframe for many of the requests, the most recent Notice defines the "Relevant Period" as "January 1, 2018 to present," an almost eight-year period.  (ECF 208, p. 2). The subject events with Plaintiff occurred in March of 2022, and the request for information beyond this timeframe is irrelevant and not proportional to the needs of the case. Other topics and requests provide no timeframe limitation. Numerous requests are simply so broad in scope as to exceed any proportionality to the needs of the case, particularly when considering the cumulative burden on the responding agency. Plaintiff's most recent Notice

also reintroduces requests that are based upon rules that expired in 2021, prior to the subject events with Plaintiff in March of 2022, and therefore were inapplicable at the time and completely irrelevant and beyond the scope of any appropriate discovery requests.

The timeframe for response to the subpoena is insufficient for adequate responses to the document requests and to adequately prepare Rule 30(b)(6) representative witnesses in light of the short timeframe, multiple intervening holidays, and substantial expansion of scope of the requests and topics. Depending on the ultimate scope of the topics and requests to either be agreed upon or determined by the Court, additional time may be necessary to fully respond to the topics and requests. The  WVDCR objects to individual topics and requests as addressed more fully in this memorandum below.

## STANDARD OF REVIEW

A nonparty's attendance to a deposition may be compelled under Federal Rule of Civil Procedure 45. A subpoena to a nonparty may be quashed or modified where it "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). "All civil discovery, whether sought from parties or nonparties, is limited in scope by Rule 26(b)(1) in two fundamental ways. First, the matter sought must be 'relevant to any party's claim or defense.'" *Va. Dep't of Corr. v. Jordan*, 921 F.3d 180, 188 (4th Cir. 2019), quoting Fed. R. Civ. P. 26(b)(1). "[D]iscovery must also be 'proportional to the needs of the case.'" *Id.* "Proportionality requires courts to consider, among other things, 'whether the burden or expense of the proposed discovery outweighs its likely benefit.'" *Id.*, 921 F.3d at 188-189. "This relieves parties from the burden of taking unreasonable steps to ferret out every relevant document." *Id.*

When discovery is sought from a nonparty, its nonparty status must be given special weight in determining whether the request is proportional to the needs of the case. *Va. Dep't of Corr. v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019). As the Fourth Circuit has explained:

> A more demanding variant of the proportionality analysis therefore applies when determining whether, under Rule 45, a subpoena issued against a nonparty "subjects a person to undue burden" and must be quashed or modified. Fed. R. Civ. P. 45(d)(3)(A)(iv). As under Rule 26, the ultimate question is whether the benefits of discovery to the requesting party outweigh the burdens on the recipient. *In re Modern Plastics Corp.*, 890 F.3d 244, 251 (6th Cir. 2018); *Citizens Union of N.Y.C. v. Att'y Gen. of N.Y.*, 269 F. Supp. 3d 124, 138 (S.D.N.Y. 2017). But courts must give the recipient's nonparty status "special weight," leading to an even more "demanding and sensitive" inquiry than the one governing discovery generally. *In re Public Offering PLE Antitrust Litig.*, 427 F.3d 49, 53 (1st Cir. 2005).

*Id.*

Before issuing a 30(b) notice of deposition, the requesting party must "describe[] with reasonable particularity the matters on which examination is requested." Fed. R. Civ. P. 30(b)(6); *Wellin v. Farace*, 2022 U.S. Dist. LEXIS 195747, *12, 2022 WL 14898396 (D. So. Car. Oct. 26, 2022) (citing *Whiting v. Hogan*, 2013 U.S. Dist. LEXIS 35381, 2013 WL 1047012, at *11 (D. Ariz. Mar. 14, 2013) ("The burden is on Plaintiffs, as the party requesting the deposition, to satisfy the 'reasonable particularity' standard of Rule 30(b)(6)."). "Courts applying these rules have concluded that there is no requirement that a corporate deponent be familiar with information beyond what is relevant to the case or what the deponent can reasonably be expected to prepare for." *Id.*, 2022 U.S. Dist. LEXIS 195747, *13 (citing *U.S. ex rel. Smith v. Boeing Co.*, 2009 U.S. Dist. LEXIS 77210, 2009 WL 2777278, at *8 n.16 (D. Kan. 2009).

## LEGAL ARGUMENT

The Fourth Circuit has explained that "the simple fact that requested information is discoverable under Rule 26(a) does not mean that discovery must be had." *Nicholas v. Wyndham Int'l, Inc.*, 373 F.3d 537, 543 (4th Cir. 2004). "[A] district court may limit 'the frequency or extent

of use of the discovery methods otherwise permitted' under the Federal Rules of Civil Procedure if it concludes that '(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit.'" *Id.*, quoting Fed. R. Civ. P. 26(b)(2). "Further, upon motion of a party and 'for good cause shown,' the court in the district in which a deposition is to be taken may 'make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense,' including an order that the discovery not be had." *Id.*, quoting Fed. R. Civ. P. 26(c).

The subpoena requests are also objectionable on the ground that they are overly broad, unduly burdensome, and not proportional to the needs of the case, as they seek a myriad of categories related to 41 areas of inquiry and/or production. *See Doe v. Cabell Cty. Bd. of Educ.*, No. 3:21-cv-00031, 2022 U.S. Dist. LEXIS 16887, at *9 (S.D. W. Va. Jan. 31, 2022), ("[t]he question is no longer whether the discovery sought is 'reasonably calculated to lead to the discovery of admissible evidence;' rather, the inquiry is whether the discovery is 'relevant to any party's claim or defense and proportional to the needs of the case.'") (internal citation omitted).

In addition to being irrelevant and overly broad, the subject matter areas to which the WVDCR objects are not proportional to the needs of the case. "'If the requirement for proportionality in discovery means anything, however, it must mean that burdensome, tangential discovery should not be permitted based on the mere possibility that something may turn up to support what is otherwise only speculation.'" *VibrantCare Rehab., Inc. v. Deol*, No. 2:20-cv-00791-MCE-AC, 2022 U.S. Dist. LEXIS 116923, *9 (E.D. Cal. July 1, 2022) (quoting *McCall v.*

*State Farm Mut. Auto. Ins. Co.*, No. 2:16-cv-01058-JAD-GWF, 2017 U.S. Dist. LEXIS 117250, 2017 WL 3174914, at *9 (D. Nev. July 26, 2017). Many of Plaintiff's requests can only be described, at best, as tangential to the issues in this case.

A subpoena issued under Rule 45 that seeks to secure a non-party deposition is considered a form of discovery. *See Dent v. Siegelbaum*, No. DKC 8-0886, 2012 U.S. Dist. LEXIS 28506, 2012 WL 718835, at *12 (D. Md. Mar. 5, 2012). In the context of discovery, "Rule 45 adopts the standards codified in Rule 26." *Schaaf v. SmithKline Beecham Corp.*, 233 F.R.D. 451, 453 (E.D.N.C. 2005). As such, the same limitations to discovery requests found in Rule 26 should be applied to a subpoena served pursuant to Rule 45. *See, e.g., HDSherer LLC v. Natural Molecular Testing Corp*, 292 F.R.D. 305, 308 (D.S.C. 2013) ("Rule 45 does not list irrelevance or overbreadth as reasons for quashing a subpoena. However, the scope of discovery allowed under a subpoena is the same as the scope of discovery allowed under Rule 26.") (citing *Cook v. Howard*, 484 Fed. Appx. 805, 812 (4th Cir. Aug. 24, 2012)); *see also Capehart v. Cooper*, 2018 U.S. Dist. LEXIS 122261, *4.

For good cause shown under Rule 26(c), the court may restrict or prohibit discovery that even seeks relevant information when necessary to protect a person or party from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c). The WVDCR objects to individual deposition topics and requests for production as follows.

**DEPOSITION TOPICS (ECF 208-2)**

1. WVDCR objects to the "Relevant Period" of January 1, 2018 to the present as overly broad in scope and including irrelevant time periods. WVDCR proposes a timeframe of March 1, 2021 to March 29, 2022.

10

2. WVDCR objects on the grounds of scope and vagueness. There is no time limitation on this topic. WVDCR proposes a timeframe of March 1, 2021 to March 29, 2022. WVDCR can respond only from its perspective with respect to duties, authority, and oversight responsibilities of Cabinet Secretary Jeff S. Sandy. WVDCR objects to the portion of this topic referring to "conditions of confinement" as vague. The duties, authority, and oversight responsibilities of these individuals could differ depending on what "condition" is inquired about, so a witness cannot reasonably be expected to prepare for this portion of the topic as written.

3. WVDCR objects to topic 3 as overly vague. It is unclear what this topic is asking for, and a witness cannot reasonably be expected to prepare for this topic as written.

4. No timeframe is provided, so WVDCR objects to the scope. WVDCR objects to the revision history as irrelevant, given the parties and claims in issue. WVDCR proposes to respond with respect to the content and implementation of the final version of the policy applicable during the timeframe of March 1, 2021 to March 29, 2022.  Additionally, clarification is needed.  Policy Directive 303.01 is on the subject of DCR Corrections Emergency Operations Center. WVDCR objects to the portion of this topic requesting information regarding "enforcement" as vague.

5. Clarification is needed before a witness can be prepared to respond to this topic. It is unclear whether this topic is intended to refer to Policy Directive 105.08, Records Management Program. Policy Directive 105.00 is on the subject of Information Technology Usage. WVDCR objects that this topic is not limited by time. WVDCR proposes to respond with respect to the policy version in effect in March of 2022.

6. This topic seeks information related to Title 95 of the West Virginia State Code of Regulations, which was repealed prior to the subject events and is therefore irrelevant. WVDCR objects to this topic entirely.  The original promulgating authority for Title 95 was West Virginia

11

Code § 31-20-9, which was repealed effective July 1, 2018. West Virginia Code § 15A-3-18 specifically expired Title 95 of the West Virginia Code of State Regulations:

> (b) All legislative rules and policies of the former Division of Corrections, the former Division of Juvenile Services, and the Regional Jail and Correctional Facility Authority shall remain effective until amended or terminated pursuant to the provisions of §29A-3-1 et seq. of this code by the Division of Correction and Rehabilitation: ***Provided, That these rules shall expire on July 1, 2021, if not superseded sooner.***

W. Va. Code § 15A-3-18 (emphasis added). The regulations at issue expired at the latest on July 1, 2021, prior to the relevant dates of March 10-29, 2022. Therefore, this topic seeks information that is irrelevant to the issues in this matter and the request is not proportional to the needs of the case.

7. This topic seeks information related to Title 95 of the West Virginia State Code of Regulations, which was repealed prior to the subject events and is therefore irrelevant. See above discussion at No. 6. WVDCR objects to this topic entirely as irrelevant to the issues and not proportional to the needs of the case.

8. Clarification is needed for this topic, and it is not reasonably limited. WVDCR objects to the "Relevant Period" of nearly eight years as overly broad and irrelevant. The reference to "topics 4-7" is unexplained and unclear. WVDCR requests that specific subject areas be identified to avoid any confusion and to avoid this topic being overly broad. If Plaintiff is seeking information about certain training content, WVDCR can have a witness prepare to discuss lesson plans for a specified subject matter and date, but these need to be specified so the witness can reasonably prepare. Given the nature of the parties and claims in issue, WVDCR objects to producing training records for individual staff members, unless Plaintiff can identify the staff member and explain the relevance. WVDCR objects to producing training records for all ERJ staff over a nearly eight year period. The reference to ERJ staff is also overly broad, as this is hundreds of people over this

nearly eight year period, and most are not remotely relevant.  If Plaintiff is seeking a witness who can generally describe the process of how frequently training  occurs at ERJ, and the process for attendance/completion records, without getting into specific content or individuals, clarification is requested.

WVDCR proposes limiting this topic to the subject matter of the policies referenced in the Second Amended Complaint, but clarification is needed on the policies referenced. In March of 2022, Policy Directive 105.00 was on the subject of Information Technology Usage. Policy Directive 105.08 is the Records Management Program. Policy Directive 303.01 was on the subject of DCR Corrections Emergency Operations Center. It is unclear from the pleadings whether these are the policies Plaintiff is intending to refer to.

9. WVDCR objects to the request for "reconstruction of the Incident timeline (March 2022)." This appears to be asking for a witness to create content rather than provide information. WVDCR interprets the remainder of this topic as seeking a witness who can provide any knowledge of the timeline of Ms. Bowers' movement at ERJ, her housing, her classification, any monitoring or observation of her from March 10 to March 29, 2022, and events preceding transport to Berkeley Medical Center on March 29, 2022. If that understanding is agreed upon, there is no further objection to this topic.

10. WVDCR requests clarification regarding this topic because it is unclear. Specifically, it appears that this topic is seeking information about any actions taken pursuant to Policy Directive 303.01, DCR Corrections Emergency Operations Center, effective September 8, 2020, regarding any report(s) that Plaintiff was using illicit drugs. WVDCR seeks clarification whether this is Plaintiff's intent.

11. WVDCR does not object to this topic.

13

12. WVDCR does not object to this topic.

13. Clarification is requested regarding this topic, which is unclear. This is among the deposition topics, but it reads more like a document request. It is unclear whether this topic is asking for a witness who can explain what the systems are generally, or whether specific data and documentation is requested. Additionally, WVDCR objects to the scope of the "Relevant Period" as unreasonably broad. As such, WVDCR objects to this topic as currently written.

14. WVDCR objects to a witness discussing any information protected by attorney-client privilege, but otherwise does not object to this topic.

14A. WVDCR objects to a witness discussing any information protected by attorney-client privilege, but otherwise does not object to this topic.

15. WVDCR does not object to parts (a) through (d) of this topic. WVDCR objects to (e) based upon the compromise agreement previously reached among counsel. WVDCR agreed to search Didymus Tate's emails for the name "Bowers" for the month of March 2022, and that search and review has been conducted. There has been no loss of Tate's email communications. WVDCR objects to any additional search for "internal communications concerning the incident" as beyond the scope of the agreement previously reached. A witness cannot reasonably be expected to be prepared to respond to part (e) of this topic as written.

16. WVDCR objects to Topic 16 in its entirety. This topic appears to be seeking information regarding defense of allegations that Plaintiff has sought to assert in the proposed Third Amended Complaint, which the court has not yet ruled on. The entirety of Topic 16 seeks a legal opinion.

17. This topic seeks information related to Title 95 of the West Virginia State Code of Regulations, which was repealed prior to the subject events and is therefore irrelevant.  See above

at No. 6. WVDCR objects to this topic entirely as irrelevant to the issues and not proportional to the needs of the case.

18. This topic is unclear. WVDCR interprets "the relevant days" to be March 10, 2022 to March 29, 2022. If that is Plaintiff's intent, there is no objection to this topic.

19. This topic seeks information related to Title 95 of the West Virginia State Code of Regulations, which was repealed prior to the subject events and is therefore irrelevant. See above at No. 6. WVDCR objects to this topic entirely as irrelevant to the issues and not proportional to the needs of the case.

20. This topic seeks information related to Title 95 of the West Virginia State Code of Regulations, which was repealed prior to the subject events and is therefore irrelevant. See above at No. 6. WVDCR objects to this topic entirely as irrelevant to the issues and not proportional to the needs of the case.

21. WVDCR objects to this topic as extremely broad, vague, and subjective in terms of what would potentially be responsive. Additionally, it is not limited in time and the scope is therefore too broad. A witness could not reasonably be expected to prepare to respond to this topic as written.

22. The information requested in this topic is unclear, so WVDCR objects in the entirety as currently written. It is unclear what about the use of vendors that Plaintiff intends to inquire about. If the topic is asking whether WVDCR uses vendors for these areas, that can be addressed. Otherwise, WVDCR objects to this topic unless it can be narrowed and more specific so that a witness can reasonably prepare to respond. Additionally, it is not limited in time and the scope is therefore too broad.

23. WVDCR objects to this topic as beyond the previous agreement in terms of ESI to be searched. Beyond that, WVDCR objects to this topic as vague with respect to "the Incident period." It is also not stated with adequate specificity to generate an additional ESI search. To search for communications, search parameters need to be specifically identified, including dates, search terms, and specific custodians to be searched.

24. WVDCR objects to the scope of this topic because it is not limited in timeframe. Additionally, it is unclear whether general descriptions are requested or whether specific data is being requested. WVDCR interprets this topic as asking for a witness who can describe what physical security systems were in place at ERJ in March of 2022, related to B Pod and Intake Booking, specifically related to doors and documenting rounds, but not as a request for any specific data, as there is no corresponding document request for this information, and this would not be something that a witness could reasonably be expected to prepare to testify about as written. Without further clarification, WVDCR objects to this topic.

25. WVDCR objects to this topic in its entirety. An employer such as WVDCR does not have the authority nor is it required to search personal devices of its employees. Additionally, the scope of this topic is extremely broad to the extent that it refers to "personnel" without any limitation, includes multiple vague topic areas, and is not limited in time. A witness cannot reasonably be expected to prepare to respond to this topic as written. The WVDCR proposes that this topic be limited to the previous agreement, specifically that WVDCR will produce results of a search of Didymus Tate's state-issued cell phone for the name "Bowers."

26. WVDCR objects to the topic to the extent that it references "timeline of involvement." This appears to be asking for a witness to create content rather than provide information. Otherwise, in preparing to respond to the prior Amended Notice, WVDCR conducted an ESI

16

search that generated results related to this topic, but objects to generating any additional ESI searches. To the extent that this topic anticipates additional ESI searches to be conducted, the WVDCR objects.

27. WVDCR objects to this topic as irrelevant and not proportional to the needs of the case. WVDCR objects to a witness discussing any information protected by attorney-client privilege.

28. WVDCR objects to this topic as extremely broad, vague, and subjective in terms of what would potentially be responsive. The term "overdoses" is relatively straightforward, but the other areas of inquiry are vague and potentially quite broad. It is unclear what is intended by "detox failures," "evidence loss," and "contraband medical emergencies, or similar safety failures." Additionally, the topic is not limited in time and the scope is therefore too broad. The scope of the information requested for each – investigations, findings, and remedial actions, is also broad and vague. A witness could not reasonably be expected to prepare to respond to this topic as written. This topic would need to be more specific and limited so that a witness could reasonably prepare to respond.

29. WVDCR interprets this topic as requesting a witness to describe any discipline, counseling, retraining, or corrective action for staff related to the events with Jessica Bowers in March of 2022, to include evidence preservation related to Ms. Bowers. If that is the Plaintiff's intent, there is no objection to this topic.

30. WVDCR objects to the scope of this topic as overly broad and vague. The "Relevant Period" is way too broad and includes irrelevant periods of time. The request for information regarding "any deviations or manual destruction actions during the Relevant Period" is unreasonably broad and no witness could reasonably be prepared to respond as written. This topic would need to be more narrowed and specific for a witness to reasonably prepare to respond.

17

**REQUESTS FOR PRODUCTION (ECF 208-3)**

1. WVDCR objects to producing draft or superseded policies. WVDCR proposes to limit this request to final versions of policies effective during the timeframe of Mar. 1, 2021 to March 29, 2022. The request for post orders and training outlines in the context of this request is unclear.

    a.    WVDCR proposes to limit this request to final version(s) of Policy 303.01 applicable from Mar. 1, 2021 to March 29, 2022.

    b.    WVDCR seeks clarification of this request. It is unclear whether this portion of the request is intended to refer to Policy  Directive 105.08, Records Management Program. If so, WVDCR proposes that this request be limited to final version(s) of Policy 105.08 applicable from Mar. 1, 2021 to March 29, 2022. Policy Directive 105.00 is on the subject of Information Technology Usage.

    c.-d.    These requests seek information related to Title 95 of the West Virginia State Code of Regulations, which was repealed prior to the subject events and is therefore irrelevant. See above discussion under Deposition Topics, No. 6. WVDCR objects to these portions of the request in their entirety.

    e.    WVDCR proposes to limit this request to any final version of WVDCR Policy Directives applicable to ERJ effective between Mar. 1, 2021 and March 29, 2022, if they exist, on the following subjects: evidence/video retention and export procedures, inmate grievance processing, incident reporting, and inmate-resident count. WVDCR requests to the following portions of the request as vague and lacking necessary specificity: "staffing/posting" and "rounds."

2. WVDCR objects to this request as written because it is vague and unreasonably broad. WVDCR objects to the timeframe as too broad and including irrelevant timeframes after the subject events. It is not clear what "Topics 1-7" is referring to. It is unclear whether Plaintiff is seeking production of training records for specific individuals. In light of the parties and claims, such request would be irrelevant, overly broad, and not proportional to the needs of the case. More specificity is needed if Plaintiff is seeking lesson plans.

3. WVDCR objects to the "Relevant Period" as too broad. WVDCR proposes to limit this request to any organizational charts or, to the extent they exist, leadership rosters that can be obtained by WVDCR by reasonable inquiry for the timeframe of Mar. 1, 2021 to March 29, 2022.

18

4. WVDCR does not object to this request.

5. In preparing to respond to the prior Amended Notice, WVDCR conducted an ESI search related to this request and agrees to review the results for responsive information. WVDCR objects to conducting any additional ESI searches. WVDCR objects to the extent that the request seeks attorney-client communications and legal mental impressions which are not subject to discovery.

6. WVDCR objects to this request as written, because it is vague and unclear. WVDCR understands part b. of this request to be seeking information which can determine when video was accessed or copied. It is unclear what the parameters of "the relevant dates/times" are for this request, so clarification is needed before WVDCR can reasonably respond.

7. WVDCR objects to this request, in part. There is no objection to producing records relating to Bowers' intake in March of 2022. There is no objection to producing the following, if available, for the dates of March 10-March 29, 2022: housing logs for areas Bowers was housed, shift assignments, segregation logs, if any, for Bowers, count sheets, records of contraband located related to the incident, and inmate drug testing related to the incident.  WVDCR objects to the following as vague or unclear: post logs, deprivation reports, movement/escort logs, rounds sheets, and access/badge logs.

8. WVDCR objects to the extent that this request is seeking a search of emails of attorney Bill Murray, he is not a WVDCR employee and WVDCR is unable to search his email correspondence. Additionally, WVDCR objects to this request to the extent that it seeks any attorney-client communications and legal mental impressions which are not subject to discovery. In preparing to respond to the prior Amended Notice, WVDCR conducted an ESI search related to this request and agrees to review the results for responsive information.  WVDCR objects to conducting any additional ESI searches.

9. WVDCR has no objection to producing, if available, shift personnel assignments for February 1, 2022-March 29, 2022.  To the extent that something additional is requested, WVDCR objects to the request for "Staffing reports (authorized vs. actual; vacancy; overtime)" as vague, and lacking the necessary specificity for the WVDCR to reasonably respond.

10. WVDCR objects to the timeframe of 2019 to the present as too broad.

11. WVDCR objects to this request because no timeframe is identified. WVDCR proposes limiting this request to producing vendor contracts that were current in March of 2022.

## **CONCLUSION**

**WHEREFORE**, non-party West Virginia Division of Corrections and Rehabilitation moves this Honorable Court to quash the Subpoena Duces Tecum served upon it, and for such other and further relief as the Court may direct.

> **WEST VIRGINIA DIVISION OF**
> **CORRECTIONS AND REHABILITATION**
> **By Counsel**

*/s/ Kimberly M. Bandy*
Natalie C. Schaefer, Esq. (WVSB #9103)
Kimberly M. Bandy, Esq. (WVSB #10081)
SHUMAN MCCUSKEY SLICER PLLC
1411 Virginia Street, East, Suite 200
Post Office Box 3953
Charleston, WV 25339-3953
(304) 345-1400; Fax: (304) 343-1826
nschaefer@shumanlaw.com
kbandy@shumanlaw.com

20

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG DIVISION**

**JESSICA B. BOWERS,**

     **Plaintiff,**

**v.**                                  **Civil Action No. 3:23-CV-119**
                                         **Hon. Frank W. Volk, Judge**

**JEFF S. SANDY, et al.,**

     **Defendants.**

**CERTIFICATE OF SERVICE**

The undersigned, counsel for West Virginia Division of Corrections and Rehabilitation, hereby certifies that on this 20th day of December, 2025, the foregoing ***West Virginia Division of Corrections and Rehabilitation's Memorandum of Law in Support of Motion to Quash Subpoena*** was electronically filed with the Clerk of the Court using the Case Management/Electronic Case Files (CM/ECF) system, which will send notification of such filing to current CM/ECF participants.

                                    */s/ Kimberly M. Bandy*
                                    Natalie C. Schaefer, Esq. (WVSB #9103)
                                    Kimberly M. Bandy, Esq. (WVSB #10081)
                                    SHUMAN MCCUSKEY SLICER PLLC
                                    1411 Virginia Street, East, Suite 200
                                    Post Office Box 3953
                                    Charleston, WV 25339-3953
                                    (304) 345-1400; Fax: (304) 343-1826
                                    nschaefer@shumanlaw.com
                                    kbandy@shumanlaw.com